SAMUEL LIVERSIDGE, SBN 180578
  sliversidge@gibsondunn.com
LAUREN M. BLAS, SBN 296823
  lblas@gibsondunn.com
JILLIAN N. LONDON, SBN 319924
  jlondon@gibsondunn.com
LORI C. ARAKAKI, SBN 315119
  larakaki@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

Attorneys for Defendant HP INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA ROSE, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>HP INC.,<br><br>                    Defendant. | CASE NO. 3:20-cv-02450-VC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Request for Judicial Notice, Declaration of Lauren M. Blas, and Exhibits 1-4 filed concurrently herewith*]<br><br>**Hearing:**<br> Date:  August 20, 2020<br> Time: 10:00 a.m.<br> Place: 450 Golden Gate Avenue, 17th Floor<br>         San Francisco, CA 94102<br> Judge:  Hon. Vince Chhabria |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 20, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Vince Chhabria, in the United States District Court for the Northern District of California in the San Francisco Courthouse, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, Defendant HP Inc. ("Defendant") will and hereby does move this Court, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing with prejudice the claims contained in Plaintiff Christina Rose's Class Action Complaint. This motion is brought on the grounds that Plaintiff has failed to state a claim for: (1) fraud, that meets the heightened pleading standards of Federal Rule of Civil Procedure Rule 9(b) under the Consumers Legal Remedies Act, the Unfair Competition Law, or common law fraud and fraudulent concealment, because she has failed to plead a duty to disclose, a material omission, or an intent to defraud; (2) a violation of the Unfair Competition Law, based on the unlawful and unfair prongs because she has failed to plead a claim for any predicate violation of law; (3) breach of implied warranty, because she has failed to plead that she was in privity with Defendant or that the product was unfit for its ordinary use; (4) relief under a quasi-contract/restitution theory, because she has not alleged any actionable misrepresentations or omissions; and (5) injunctive relief, because she has not plausibly alleged she will be injured again in the future.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the Declaration of Lauren M. Blas and Exhibits 1 to 4 filed concurrently herewith, all papers and pleadings from this case on file with the Court, all other matters of which the Court may take judicial notice, any further evidence or argument offered to the Court at the hearing on this Motion, and any other matters that the Court may consider.

Dated: June 8, 2020                    GIBSON, DUNN & CRUTCHER LLP


By:   */s/  Samuel Liversidge*
                                Samuel Liversidge

Attorneys for Defendant HP Inc.

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ...................................................................................................1

II.     FACTUAL BACKGROUND ...................................................................................2

III.    LEGAL STANDARD..............................................................................................5

IV.     ARGUMENT ...........................................................................................................6

        A.      Plaintiff Fails to State a Claim for Fraud Under Any Theory......................6

                1.      HP Had No Duty to Disclose the Underprinting Process ..................6

                2.      Plaintiff Fails to Plead Concealment of a Material Fact ...................9

                3.      Plaintiff Has Failed to Allege HP Intended to Defraud Consumers ...............11

        B.      Plaintiff Fails to State a Claim Under the UCL's Unlawful and Unfair Prongs..........12

        C.      Plaintiff's Implied Warranty Claim Fails Because She Is Not in Privity with HP and
                Has Not Plausibly Alleged the Printer Is Unfit for Its Ordinary Use .........................12

        D.      Plaintiff's Requests for Equitable Relief ...................................................13

                1.      Plaintiff's Quasi-Contract Claim Fails Because She Has Not Pled an
                        Actionable Misrepresentation or Omission .......................................13

                2.      Plaintiff Lacks Standing to Seek Injunctive Relief.........................14

V.      CONCLUSION.......................................................................................................15

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-02450-VC

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Adams v. Wells Fargo Bank, N.A.*,
  2015 WL 6449383 (N.D. Cal. Oct. 26, 2015)...........................................................................14

*Ahern v. Apple Inc.*,
  411 F. Supp. 3d 541 (N.D. Cal. 2019) .....................................................................5, 8, 10, 12

*In re Apple Inc. Device Performance Litig.*,
  386 F. Supp. 3d 1155 (N.D. Cal. 2019) .................................................................................8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..............................................................................................................5

*Baltazar v. Apple Inc.*,
  2011 WL 3795013 (N.D. Cal. Aug. 26, 2011) ......................................................................13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..............................................................................................................5

*Berk v. Coinbase, Inc.*,
  2019 WL 3561926 (N.D. Cal. Aug. 6, 2019) ........................................................................12

*Bird v. First Alert*,
  2015 WL 3750225 (N.D. Cal. June 15, 2015)........................................................................10

*Birdsong v. Apple Inc.*,
  590 F.3d 955 (9th Cir. 2009) .................................................................................................13

*In re Carrier IQ, Inc.*,
  78 F. Supp. 3d 1051 (N.D. Cal. 2015) ....................................................................................7

*Clemens v. DaimlerChrysler Corp.*,
  534 F.3d 1017 (9th Cir. 2008) ...............................................................................................12

*Czuchaj v. Conair Corp.*,
  2014 WL 1664235 (S.D. Cal. Apr. 18, 2014)..........................................................................9

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) .................................................................................................14

*Davis v. HSBC Bank Nevada, N.A.*,
  691 F.3d 1152 (9th Cir. 2012) ................................................................................................3

*Doe v. SuccessfulMatch.com*,
  70 F. Supp. 3d 1066 (N.D. Cal. 2014) ....................................................................................7

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
   751 F.3d 990 (9th Cir. 2014) ...................................................5

*Elias v. Hewlett-Packard Co.*,
   2014 WL 493034 (N.D. Cal. Feb. 5, 2014) ...................................6, 7

*Elias v. Hewlett-Packard Co.*,
   950 F. Supp. 2d 1123 (N.D. Cal. 2013) ...................................8

*Falk v. Gen. Motors Corp.*,
   496 F. Supp. 2d 1088 (N.D. Cal. 2007) ...................................10

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
   528 U.S. 167 (2000)...................................................6

*Garcia v. General Motors, LLC*,
   2019 WL 1209632 (E.D. Cal. Mar. 14, 2019) ...................................11

*Garrison v. Whole Foods Mkt. Grp.*,
   2014 WL 2451290 (N.D. Cal. June 2, 2014) ...................................5

*Gomez v. Carmax Auto Superstores Cal., LLC*,
   2015 WL 350219 (C.D. Cal. Jan. 22, 2015) ...................................11

*Hadley v. Kellogg Sales Co.*,
   243 F. Supp. 3d 1074 (N.D. Cal. 2017) ...................................12

*Hartmann v. Cal. Dep't of Corr. & Rehab.*,
   707 F.3d 1114 (9th Cir. 2013) ...................................6

*Herron v. Best Buy Co.*,
   924 F. Supp. 2d 1161 (E.D. Cal. 2013)...................................8, 9

*Hodsdon v. Mars, Inc.*,
   162 F. Supp. 3d 1016 (N.D. Cal. 2016) ...................................7

*Hovsepian v. Apple, Inc.*,
   2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ...................................9

*Jordan v. Bank of America, N.A.*,
   396 F. Supp. 3d 922 (E.D. Cal. 2019)...................................10

*Joslin v. Clif Bar & Co.*,
   2019 WL 5690632 (N.D. Cal. Aug. 26, 2019) ...................................15

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ...................................5

v

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ..................................................................................3

*Lanovaz v. Twinings N. Am., Inc.*,
  726 F. App'x 590 (9th Cir. 2018) ..........................................................................15

*LiMandri v. Judkins*,
  52 Cal. App. 4th 326 (1997) ...................................................................................7

*Linear Tech. Corp. v. Applied Materials, Inc.*,
  152 Cal. App. 4th 115 (2007) ...............................................................................11

*Lingsch v. Savage*,
  213 Cal. App. 2d 729 (1963) ...................................................................................9

*In re MacBook Keyboard Litig.*,
  2019 WL 1765817 (N.D. Cal. Apr. 22, 2019) .........................................................8

*Mandani v. Volkswagen Grp. of Am.*,
  2019 WL 652867 (N.D. Cal. Feb. 15, 2019) ..........................................................12

*Marcus v. Apple Inc.*,
  2015 WL 151489 (N.D. Cal. Jan. 8, 2015) ............................................................13

*Marolda v. Symantec Corp.*,
  672 F. Supp. 2d 992 (N.D. Cal. 2009) .....................................................................5

*Martinez v. Welk Grp., Inc.*,
  907 F. Supp. 2d 1123 (S.D. Cal. 2012) ....................................................................8

*Mazza v. Am. Honda Motor Co.*,
  666 F.3d 581 (9th Cir. 2012) ...................................................................................7

*Meaunrit v. Pinnacle Foods Group, LLC*,
  2010 WL 1838715 (N.D. Cal. May 5, 2010) .........................................................14

*MH Pillars Ltd. v. Realini*,
  277 F. Supp. 3d 1077 (N.D. Cal. 2017) .................................................................14

*Mocek v. Alfa Leisure, Inc.*,
  114 Cal. App. 4th 402 (2003) ...............................................................................13

*Mui Ho v. Toyota Motor Corp.*,
  931 F. Supp. 2d 987 (N.D. Cal. 2013) .................................................................6, 9

*Mullins v. Premier Nutrition Corp.*,
  2018 WL 510139 (N.D. Cal. Jan. 23, 2018) ..........................................................14

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION
COMPLAINT
CASE NO. 3:20-CV-02450-VC

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Nava v. Kobe Steel, Ltd.*,
2019 WL 4729540 (N.D. Cal. July 18, 2019) .......................................................5, 14

*Patterson v. RW Direct, Inc.*,
2018 WL 6106379 (N.D. Cal. Nov. 21, 2018) ...........................................................12

*Pemberton v. Nationstar Mortgage LLC*,
331 F. Supp. 3d 1108 (S.D. Cal. 2018) ......................................................................11

*Philips v. Ford Motor Co.*,
726 F. App'x 608 (9th Cir. 2018) ..............................................................................14

*Rahman v. Mott's, LLP*,
2018 WL 4585024 (N.D. Cal. Sept. 25, 2018) ...........................................................15

*Rojas-Lozano v. Google, Inc.*,
159 F. Supp. 3d 1101 (N.D. Cal. 2016) ......................................................................14

*Rojo v. Bright*,
2014 WL 1794376 (N.D. Cal. May 6, 2014) ................................................................5

*Romero v. Flowers Bakeries, LLC*,
2015 WL 2125004 (N.D. Cal. May 6, 2015) ................................................................7

*Romero v. Securus Techs., Inc.*,
216 F. Supp. 3d 1078 (S.D. Cal. 2016) ........................................................................7

*Safe Air for Everyone v. Meyer*,
373 F.3d 1035 (9th Cir. 2004) ....................................................................................15

*Seifi v. Mercedes-Benz USA, LLC*,
2013 WL 2285339 (N.D. Cal. May 23, 2013) ..............................................................6

*Sloan v. Gen. Motors LLC*,
2020 WL 1955643 (N.D. Cal. Apr. 23, 2020) ..............................................................6

*Sprint Spectrum Realty Co. v. Hartkopf*,
2019 WL 6251251 (N.D. Cal. Nov. 22, 2019) ...........................................................11

*Stickrath v. Globalstar, Inc.*,
2008 WL 344209 (N.D. Cal. Feb. 6, 2008) ..................................................................8

*Sumer v. Carrier Corp.*,
2015 WL 3630972 (N.D. Cal. June 10, 2015) ..............................................................7

*Sumer v. Carrier Corp.*,
2015 WL 758314 (N.D. Cal. Feb. 20, 2015) ..............................................................10

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Wallace v. SharkNinja Operating, LLC*,
    2020 WL 1139649 (N.D. Cal. Mar. 9, 2020).............................................................................15

*Warner v. Tinder*,
    105 F. Supp. 3d 1083 (C.D. Cal. 2015) ................................................................................12

*Williams v. Gerber Prods. Co.*,
    552 F.3d 934 (9th Cir. 2008) ..............................................................................................10

*Williams v. Yamaha Motor Co.*,
    851 F.3d 1015 (9th Cir. 2017) ..............................................................................................7

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ..............................................................................................7

*Wolph v. Acer Am. Corp.*,
    2009 WL 2969467 (N.D. Cal. Sept. 14, 2009) ......................................................................8

*Yadav-Ranjan v. Nationstar Mortg., LLC*,
    2018 WL 659018 (N.D. Cal. Feb. 1, 2018) ...........................................................................9

**Statutes**

Cal. Bus. & Prof. Code § 17200 ....................................................................................................5

Cal. Civ. Code § 1750....................................................................................................................5

Cal. Comm. Code § 2314.........................................................................................................12, 13

**Rules**

Fed. R. Civ. P. 9 ...........................................................................................................5, 6, 10, 11, 14

Fed. R. Civ. P. 12 ..............................................................................................................5, 6, 15

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In this putative class action, Plaintiff Christina Rose claims fraud and deception arising out of Defendant HP Inc.'s ("HP") use of a technical design process, sometimes known as "underprinting," in which color ink is sometimes mixed with black ink in the printing process in order to improve the quality of certain types of text and images.   Plaintiff does not allege that HP made any false or misleading statements to her in connection with her printer purchase.   Nor does she allege that her printer did not meet any of its stated specifications.   Instead, Plaintiff claims that she was deceived because HP failed to disclose this "underprinting" process to her at the "point of sale" in the store when she purchased her inkjet printer in 2017.   HP, however, did not have a duty to disclose this technical process, and even if it did, it complied with that duty by providing detailed information about underprinting on its website and in its online user manuals, which have been available and accessible to any consumer well before Plaintiff purchased her printer.   The existence of that information similarly defeats any claim that HP intended to defraud consumers.   Plaintiff's dissatisfaction with the dissemination of that information to the public does not state a claim for fraud under the Consumers Legal Remedies Act ("CLRA"), the Unfair Competition Law ("UCL"), or the common law.

Plaintiff's other claims—for breach of implied warranty, breach of quasi-contract and restitution, and for injunctive relief—are equally deficient as a matter of law.   Plaintiff cannot assert an implied warranty claim against HP for the simple reason that she purchased her printer from a third party and thus is not in privity with HP.   Even setting aside the privity requirement, her claim would still fail because she has not alleged that her still-operative printer, the ink cartridges of which she alleges she continues to replenish, was unfit for its ordinary use as a printer.   She cannot assert a quasi-contract/restitution claim because she has failed to plead any actionable misrepresentation or omission by HP.   And she cannot seek injunctive relief, because HP's discussion of the underprinting process on its website and in its online user manuals belies her claim that she has no way of knowing, absent an injunction, whether a particular HP inkjet printer utilizes underprinting.

Because these legal defects cannot be cured by amendment, the Court should dismiss Plaintiff's complaint with prejudice.

## II.  FACTUAL BACKGROUND

Sometime in 2017, Plaintiff purchased an HP OfficeJet Pro 8630 printer from a Costco in Richmond, California.  (Compl. ¶ 13.)  She alleges she saw that it "came with both color ink and black ink, and therefore believed that the printer could print in both color and black and white."  (*Id.*)  She does not allege that the printer did not print in both color and black and white.  Nor does she allege any other false or misleading statements made by HP in connection with her printer purchase.  Instead, Plaintiff claims she was deceived because "[n]othing *at the point of sale* on the Printer's packaging indicated to [her] that she would not be able to print in black and white if the color ink was depleted" or "that color ink would be used when printing in black and white, or that the printer would be unable to print at all when the color ink was depleted."  (*Id.*, emphasis added.)

As noted above, these allegations concern a technical process, sometimes known as "underprinting," which is "an inkjet technology . . . whereby certain HP color inkjet printers may, in certain circumstances depending on the printer settings and customer inputs, use a combination of inks from the tri-color (or other, non-black color) and black inkjet cartridges to produce black text and images."  (*Id.* ¶ 37, quoting *In re HP Inkjet Printer Litig.*, No. 5:05-cv-03580-JF (N.D. Cal.), ECF No. 252 at 2 (Motion for Preliminary Approval of Settlement).)  Plaintiff claims she "would not have purchased the Printer or would have paid significantly less for it" had she known, at the point of sale, "that the Printer would engage in underprinting or that she would not be able to print images or text in black and white" without at least some ink in her color cartridge.  (*Id.* ¶ 14.)  She further alleges she "would have purchased fewer replacement color ink cartridges but for [HP's] conduct."  (*Id.*)  Still, she purports to continue to use the printer, and indicates that she would purchase other HP printers in the future, notwithstanding the underprinting process.  (*Id.* ¶ 15.)

Plaintiff alleges "that HP may have added purported statement(s) regarding underprinting on its website and/or user manuals" (*id.* ¶ 38) as part of the settlement in *In re HP Inkjet Printer Litigation*,

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-02450-VC

No. 5:05-cv-03580-JF (N.D. Cal.), which became final in 2014 (*see id.*, ECF 347 (Final Judgment dated 10/14/2014)).  She also refers repeatedly to the statements on HP's website and in the printers' user manuals.  (*See, e.g.*, Compl. ¶¶ 37-40.)  And in fact, HP's website has detailed explanations regarding the issues raised in Plaintiff's complaint (https://support.hp.com/us-en/document/c04331666) for the OfficeJet Pro 8630 and nearly 50 other inkjet models.  These explanations state, among other things, that:

- The listed printers "cannot print when one ink cartridge is empty" and are "designed to print only when all ink cartridges have ink";

- "Some ink from all the ink cartridges is used in periodic servicing tasks" to "prevent issues like printhead clogs and poor print quality" and "[t]**here is no way to bypass this feature**";

- "If one or more color ink cartridges are low but not empty and you want to minimize the use of color ink, change the settings in the HP software to print with black ink only (grayscale).  **If you print with black ink only, the other ink cartridges must have ink for the printer to print**[]"; and

- "If you print with black ink only, the printer still uses small amounts of ink from all the ink cartridges for occasional servicing tasks.  HP recommends that you replace any low ink cartridges to avoid any interruptions in printing."[1]

(Declaration of Lauren M. Blas ("Blas Decl."), Ex. 1, at 1, all bold in original.)

Further, in response to a Frequently Asked Question on the website ("I typically print in black and white only, so why are my color ink cartridges empty?"), the website states "[t]o decrease grain, some black areas might be printed with a mix of black and color inks.  If you follow the steps in this document to print with black ink only, no color ink is used in printouts."  (Blas Decl., Ex. 1, at 3.)  The disclosures go on to explain in detail how a user can change the settings in the printer software to print with black ink only (grayscale).  (*Id.*)

---

[1] Because Plaintiff refers to the statements on HP's website and in the printers' user manuals in her complaint (*see, e.g.*, Compl. ¶¶ 37-40; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) ("[T]he the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs.")), the Court may consider those disclosures, contained in Exhibits 1 to 4 to the Blas Declaration, filed concurrently with this Motion and a Request for Judicial Notice, under the incorporation by reference doctrine (*see Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159-60 (9th Cir. 2012)).

Another page on HP's website relating to "Inkjet Printers Ink Usage" (https://www8.hp.com/h71041/learn-about-supplies/us/en/howInkIsUsed.html) contains a detailed discussion of how ink is used in the printers, and specifically explains that "[t]here are several circumstances when color ink may be used—primarily to improve print quality, and sometimes to improve printer reliability—even if the document appears to be only black text-and-graphics," and that "[s]ome dark images which look black may contain a combination of black and color inks." (Blas Decl., Ex. 2, at 2.) The page also explains that "[f]or users who wish to print utilizing just black ink (despite the reduced print quality), many HP printers offer options," and goes on to describe some of the ways in which a user can elect to print in black ink only. (Id.)

The online User Guide for the HP OfficeJet Pro 8610/8620/8630, last updated in April 2014 and available online (http://h10032.www1.hp.com/ctg/Manual/c04204791), also contains the following instructions for using black ink only:

> To view more printing settings, on the **Layout** or **Paper/Quality** tab of the printer driver, click the **Advanced** button to open the **Advanced Options** dialog box.
>
> **Print in Grayscale**:  Allows you to print a black and white document using the black ink only.  Select **Black Ink Only**, and then click the **OK** button.

(Blas Decl., Ex. 3, at 49.) Another webpage, "HP Inkjet Printers – Printing with Black Ink Only" (https://support.hp.com/us-en/document/c05078948), also details how to print in grayscale and provides answers to Frequently Asked Questions about printing with black ink. (Blas Decl., Ex. 4.)

Even though this information was available to Plaintiff at the time of her purchase, she nevertheless alleges that she was deceived because these statements were not "conspicuous to reasonable consumers when they are purchasing the Printers." (Compl. ¶ 38.) She seeks to certify a class of "all persons in the United States who, within the relevant statute of limitations periods, purchased for personal, family, or household purposes any of the [printers identified in the Complaint]"; a "California Subclass" of "all California citizens who, within the relevant statute of

limitations periods, purchased any of the [printers identified in the Complaint]"; and a "California Consumer Subclass" of "all California citizens who, within the relevant statute of limitations periods, purchased for personal, family, or household purposes any of the [printers identified in the Complaint]." (*Id.* ¶¶ 41-43.)  She brings claims for (1) violation of the Consumer Legal Remedies Act (Cal. Civ. Code § 1750 *et seq.*); (2) violation of the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*); (3) fraudulent concealment; (4) breach of implied warranty; (5) common law fraud; and (6) quasi-contract/restitution.  (*Id.* ¶¶ 53-111.)

## III. LEGAL STANDARD

A complaint should be dismissed under Rule 12(b)(6) unless it contains "sufficient facts 'to state a claim to relief that is plausible on its face.'"  *Rojo v. Bright*, No. 12-CV-02518-VC, 2014 WL 1794376, at *1 (N.D. Cal. May 6, 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Determining whether a complaint contains "sufficient 'factual enhancement' to cross 'the line' between possibility and plausibility," *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (quoting *Twombly*, 550 U.S. at 557), requires a "context-specific" determination that a court must make by "draw[ing] on its judicial experience and common sense," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Claims grounded in fraud are subject to the heightened-pleading requirements of Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *Nava v. Kobe Steel, Ltd.*, No. 18-CV-01423-VC, 2019 WL 4729540, at *2 (N.D. Cal. July 18, 2019) (CLRA and UCL claims grounded in fraud and subject to Rule 9(b)'s heightened pleading standard).  To satisfy this standard, a plaintiff must "allege 'the particular circumstances surrounding [the] representations' at issue," *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 564 (N.D. Cal. 2019) (citation omitted), including what was omitted, how it should have been revealed, as well as details concerning the representations that were made that plaintiff relied on to make the purchase, *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009).  In the case of alleged misrepresentations, a plaintiff must provide details of the "'who, what, when, where, and how of the misconduct charged.'"  *Garrison v. Whole Foods Mkt. Grp.*, No. 13-CV-05222-VC, 2014 WL 2451290, at *4 (N.D. Cal. June 2, 2014) (citation omitted).

Standing must be established separately for each form of relief sought.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000).  Accordingly, the Court may dismiss a claim under Rule 12(b)(1) if the "plaintiffs do not carry their burden to allege facts which, if proved, would confer standing on them." *Seifi v. Mercedes-Benz USA, LLC*, 2013 WL 2285339, at *2 (N.D. Cal. May 23, 2013); *see also Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1128 (9th Cir. 2013) (affirming dismissal based on lack of Article III standing).

## IV.  ARGUMENT

### A.      Plaintiff Fails to State a Claim for Fraud Under Any Theory

Plaintiff's claims under the fraudulent prong of the UCL, the CLRA, and for fraudulent concealment and common law fraud (collectively, the "fraud claims") fail to surpass the heightened pleading standards of Rule 9(b).  *See Elias v. Hewlett-Packard Co.*, 2014 WL 493034, at *4 (N.D. Cal. Feb. 5, 2014).

Plaintiff does not identify any affirmative misstatement made by HP, but instead relies on a fraud-by-omission theory—specifically, that HP failed to disclose "at the point of sale" that the printers at issue "use substantial amounts of color ink when printing images and text in black and white (a process known as 'underprinting')" and "that the Printers are designed to cease printing if the Product's color ink is depleted, even if the consumer wants to print in black and white using only black toner or ink." (Compl. ¶ 3; *see also, e.g., id.* ¶¶ 56-58, 71, 83, 85, 98, 106, 108.)  These fraud claims fail for the simple reason that Plaintiff has not plausibly alleged that HP had a duty to make these disclosures.  Even if she had, her fraud claims still fail because she *admits* HP described its underprinting practices on its website and in user manuals associated with the printers. (*See, e.g., id.* ¶¶ 38-39.)  Finally, Plaintiff's fraud claims fail because she has not adequately alleged that HP intended to deceive customers regarding the underprinting process.

### 1.      HP Had No Duty to Disclose the Underprinting Process

"To plead fraud by omission under California law, a plaintiff must show (1) the concealment or suppression of material fact, (2) a duty to disclose the fact to the plaintiff, (3) intentional concealment with intent to defraud, (4) justifiable reliance, and (5) resulting damages." *Mui Ho v. Toyota Motor Corp.*, 931 F. Supp. 2d 987, 999 (N.D. Cal. 2013); *see also Sloan v. Gen. Motors LLC*,

6

2020 WL 1955643, at *23 n.16 (N.D. Cal. Apr. 23, 2020) (explaining that elements of fraudulent omission and fraudulent concealment claims are "analytically synonymous").[2]  A plaintiff may also proceed under a fraud-by-omission theory under the CLRA or UCL, although intent is not a required element of these claims.[3]  For "an omission to be actionable, the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose."  *Romero v. Securus Techs.*, *Inc.*, 216 F. Supp. 3d 1078, 1092 (S.D. Cal. 2016) (internal quotation marks omitted); *see also Doe v. SuccessfulMatch.com*, 70 F. Supp. 3d 1066, 1076 (N.D. Cal. 2014) (stating same requirements to plead fraud-by-omission claim under the UCL and CLRA).

Plaintiff does not allege that HP's omissions regarding underprinting were "contrary to a representation actually made" by HP, so Plaintiff must satisfy the requirement that HP was "obliged" to disclose the process.  A duty to disclose under the CLRA, UCL, or common law arises in only four circumstances:  "'(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.'"[4]  *Sumer v. Carrier Corp.*, No. 14-CV-04271-VC, 2015 WL 3630972, at *1 (N.D. Cal. June 10, 2015) (quoting *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997)).[5]  None of these circumstances apply.

---

[2]  Although Plaintiff has not invoked the laws of any particular jurisdiction, Defendant assumes without conceding that California law applies, as Plaintiff is a California resident.  HP reserves the right to contest which state's laws apply to the putative nationwide class.  *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589-94 (9th Cir. 2012); *cf. Romero v. Flowers Bakeries, LLC*, 2015 WL 2125004, at *9 n.3 (N.D. Cal. May 6, 2015) (it was "unclear which states' laws should apply" to fraud and unjust enrichment claims on behalf of nationwide class, and "other courts confronting the issues have noted differences among the unjust enrichment laws of different states").

[3]  *Hodsdon v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1024 (N.D. Cal. 2016), *aff'd*, 891 F.3d 857 (9th Cir. 2018) ("Fraudulent omissions may violate the CLRA."); *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1112 (N.D. Cal. 2015) ("Omissions can form the basis of a fraudulent prong UCL claim.").

[4]  Traditionally, a manufacturer's duty to disclose in the absence of a warranty or affirmative misrepresentation has been limited to unreasonable safety hazards.  *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012); *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1025-26 (9th Cir. 2017).  As Plaintiff has not alleged any unreasonable safety hazard, her fraud-by-omission theory fails on that basis alone.

[5]  Courts routinely apply the four-factor test first set forth in *Judkins* to all claims that sound in fraud by omission.  *See, e.g.*, *Elias*, 2014 WL 493034, at *5-6 (applying the test to CLRA, UCL, and

Plaintiff does not allege any facts to establish a fiduciary relationship, nor could she as a mere purchaser of an HP product.  *See Martinez v. Welk Grp., Inc.*, 907 F. Supp. 2d 1123, 1133 (S.D. Cal. 2012) ("[T]he relationship of seller to buyer is not one ordinarily vested with fiduciary obligation, even though sellers routinely make representations concerning their product." (internal quotation marks omitted)); *Elias v. Hewlett-Packard Co.*, 950 F. Supp. 2d 1123, 1137 (N.D. Cal. 2013) (finding consumer who purchased power supply from HP failed to allege fiduciary relationship with HP).

Plaintiff does not allege HP made any "partial" representations regarding the underprinting process.  To the extent she claims HP had a duty to disclose based on "exclusive knowledge" or "active concealment," these assertions also fail.  To plead exclusive knowledge, Plaintiff must allege, with particularity, that the purportedly omitted product information is "unavailable to the public" and that, given its nature, such information would be difficult to discover.  *Wolph v. Acer Am. Corp.*, 2009 WL 2969467, at *4 (N.D. Cal. Sept. 14, 2009); *Herron v. Best Buy Co.*, 924 F. Supp. 2d 1161, 1175 (E.D. Cal. 2013) ("[g]eneralized allegations with respect to exclusive knowledge" subject to dismissal).

Plaintiff cannot plausibly allege that HP "had exclusive knowledge of the omitted material facts and that Plaintiff could not have reasonably discovered such facts," *Herron*, 924 F. Supp. 2d at 1175 (alterations omitted) (finding no exclusive knowledge where plaintiff admitted that "omitted" information was available on store website and in a *Newsweek* article), because she admits that the precise facts she allegedly did not know were available on HP's website and in online user manuals. (Compl. ¶¶ 37-39; *see also* Blas Decl. Exs. 1-4.)  *See also Stickrath v. Globalstar, Inc.*, 2008 WL 344209, at *4 (N.D. Cal. Feb. 6, 2008) (no exclusive knowledge where defendants disclosed allegedly omitted information in public filings and in an application with the FCC); *Ahern*, 411 F. Supp. 3d at 575 ("plaintiffs must proffer specific allegations regarding the content of information, how defendants had access to this information, and how plaintiffs did not have access to or could not learn this information" to plead "exclusive knowledge").

No basis exists to assert a fraud claim based on active concealment, either.  "As with exclusive knowledge, 'generalized allegations with respect to . . . active concealment' will not do," and "[m]ere

---

common law fraud claims); *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1175-76 (N.D. Cal. 2019) (applying the same factors to statutory and common law fraud claims); *In re MacBook Keyboard Litig.*, 2019 WL 1765817, at *6 (N.D. Cal. Apr. 22, 2019) (same).

8

nondisclosure does not constitute active concealment." *Herron*, 924 F. Supp. 2d at 1176 (quoting *Hovsepian v. Apple, Inc.*, 2009 WL 5069144, at *3 (N.D. Cal. Dec. 17, 2009)).  Instead, "to state a claim for active concealment, Plaintiff must allege specific 'affirmative acts on the part of the [d]efendants in hiding, concealing, or covering up the matters complained of.'"  *Id.* (quoting *Lingsch v. Savage*, 213 Cal. App. 2d 729, 734 (1963)).  Plaintiff does not allege *any* affirmative acts by HP suggesting an attempt to "conceal" or "cover up" the underprinting process other than to state "HP concealed . . . material facts from Plaintiff at the point of sale" (Compl. ¶ 84); again, to the contrary, the process was fully described on HP's website and online user manuals.  *See Herron*, 924 F. Supp. 2d at 1176 (no active concealment based on "bare assertion" defendants "actively concealed material facts"); *Czuchaj v. Conair Corp.*, 2014 WL 1664235, at *6 (S.D. Cal. Apr. 18, 2014) (no active concealment where plaintiff did "not provide any specific allegations regarding *affirmative acts*").

### 2.      Plaintiff Fails to Plead Concealment of a Material Fact

Even if HP had a duty to disclose—and it did not—Plaintiff's fraud claims should be dismissed because she fails to establish the existence of a concealed material fact.  *Yadav-Ranjan v. Nationstar Mortg., LLC*, 2018 WL 659018, at *5 (N.D. Cal. Feb. 1, 2018) (citing *Mui Ho*, 931 F. Supp. 2d at 999) ("concealment or suppression" is a requisite element of fraud by omission).

Plaintiff alleges that as part of a settlement in a prior action, HP promised to "incorporate on its website and/or user manuals disclosures regarding 'underprinting' . . . includ[ing] a description of what underprinting is, why it is used, and some of the options for disabling or minimizing the use of underprinting."  (Compl. ¶ 37 (quoting *In re HP Inkjet Printer Litig.*, No. 5:05-cv-03580-JF (N.D. Cal.), ECF No. 252 at 2 (Motion for Preliminary Approval of Settlement)).)  She also concedes that HP did indeed identify the exact facts that she claims were concealed when she purchased her printer from Costco, both on several of HP's public-facing web pages and in the user manuals for the relevant printers.  (Compl. ¶¶ 37-39.)  In the age of smartphones, all of this information is just a click and a swipe away, no matter where a consumer happens to be contemplating the purchase of a printer.  *See, e.g.*, Blas Declaration, Ex. 1, at 1 ("If you print with black ink only, the other ink cartridges must have ink for the printer to print."; "If you print with black ink only, the printer still uses small amounts of ink from all the ink cartridges for occasional servicing tasks").

Plaintiff attempts to downplay the significance of this information by couching her admissions in equivocal language. (*See, e.g.*, Compl. ¶ 38 ("HP *may* have added purported statement(s) regarding underprinting on its website/and or user manuals." (emphasis added).) But "allegations that contradict matters properly subject to judicial notice or to material attached to or incorporated by reference into the complaint" need not be credited by the Court. *Jordan v. Bank of America, N.A.*, 396 F. Supp. 3d 922, 928 (E.D. Cal. 2019) (internal quotation marks omitted). Nor can artful pleading withstand a motion to dismiss, especially where the complaint is subject to Rule 9(b)'s standards. *See Ahern*, 411 F. Supp. 3d at 564 ("Rule 9(b) requires the plaintiff to allege the particular circumstances surrounding the [omissions] at issue." (internal quotation marks and alterations omitted)).

Plaintiff also contends that information available on HP's website should be disregarded because it did not appear "at the point of sale, including on the Printers' packaging and on Defendant's in-store advertisements and/or shelf tags." (Compl. ¶ 40.) But Plaintiff's allegations regarding her preferred placement of information relating to underprinting do not alter the fact that the information she desires was in fact available to her, and that is sufficient to defeat a fraud-by-omission claim. *See Sumer v. Carrier Corp.*, No. 14-CV-04271-VC, 2015 WL 758314, at *2 & n.2 (N.D. Cal. Feb. 20, 2015) (dismissing plaintiff's UCL, CLRA, and common-law fraudulent omission claims because the allegedly omitted facts were in a brochure available to prospective buyers, even though it was unclear if plaintiff had viewed the brochure). Plaintiff's claim here is "not that the disclosures were inadequate or misleading," *Bird v. First Alert*, 2015 WL 3750225, at *11 (N.D. Cal. June 15, 2015), but rather that they were not provided to her in the store. Because there is no "requirement regarding the placement or content of . . . disclosures, so long as the manufacturer does not misrepresent the quality or characteristics of the product," *id.*, Plaintiff's claims based on this theory necessarily fail.

Moreover, even if Plaintiff had plausibly alleged HP "concealed" this information, Plaintiff's fraud claims would still fail because the purportedly omitted information is not material. "In order for non-disclosed information to be material, a plaintiff must show that had the omitted information been disclosed, one would have been aware of it and behaved differently." *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1095 (N.D. Cal. 2007) (internal quotation marks omitted). To be material under the UCL and CLRA, the omission must have been "likely to deceive a reasonable consumer." *Williams*

*v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).  Plaintiff's allegations on this point are vacillating and contradictory:  She asserts that on the one hand, had she known the truth, she either would not have purchased the product or paid less for it (Compl. ¶ 14), but elsewhere asserts that she continues to use the product and would purchase other HP inkjet printers if her requested disclosures are made (*id.* ¶ 15).  Plaintiff alleges that there are other printers on the market that do not utilize underprinting (*id.* ¶ 19 (discussing laser printers)), yet does not allege she would have purchased one of those printers.  Plaintiff has not alleged any facts establishing that the non-disclosure of underprinting was in fact material to her or how she was injured.

### 3.    Plaintiff Has Failed to Allege HP Intended to Defraud Consumers

Plaintiff's common-law fraud claims fail for the separate reason that she has not adequately alleged that HP had an intent to defraud consumers.  "Intent to defraud is defined as the intent to induce reliance on a knowing misrepresentation or omission." *Pemberton v. Nationstar Mortgage LLC*, 331 F. Supp. 3d 1108, 1047 (S.D. Cal. 2018).   As with the duty to disclose, "'[m]ere conclusory allegations' that representations or omissions 'were intentional and for the purpose of defrauding and deceiving plaintiffs . . . are insufficient.'"  *Id.* (quoting *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 132 (2007).  Thus, Plaintiff's assertion that "HP's concealment of [the alleged] material facts was intentional and with the intent to defraud Plaintiff and class members" falls far short of her pleading burden under Rule 9(b).  *See Garcia v. General Motors, LLC*, 2019 WL 1209632, at *10 (E.D. Cal. Mar. 14, 2019) (finding plaintiff's "boilerplate language pleading [defendant's] intent to defraud such as [defendant] 'intentionally concealed and failed to disclose' the defect" insufficient). Just as Plaintiff cannot plausibly allege exclusive knowledge or active concealment given that HP disclosed all of the purported omissions at issue on its website and in the user manuals, she cannot plausibly allege intent to defraud, either.  *Cf. Gomez v. Carmax Auto Superstores Cal., LLC*, 2015 WL 350219, at *9 (C.D. Cal. Jan. 22, 2015) (finding no intent to defraud under Motor Vehicle Information and Cost Savings Act where plaintiff pleaded that defendant had in fact "disclosed the [purported misrepresentation/omission] prior to the sale"); *Sprint Spectrum Realty Co. v. Hartkopf*, 2019 WL 6251251, at *4 (N.D. Cal. Nov. 22, 2019) (no intentional concealment where plaintiff was "capable of" discovering the allegedly concealed fact through an independent inspection).

**B.      Plaintiff Fails to State a Claim Under the UCL's Unlawful and Unfair Prongs**

Plaintiff also alleges that HP violated the unlawful and unfair prongs of the UCL.  (Compl.

¶¶ 70-75.)  Because Plaintiff has failed to plead a predicate claim under the CLRA or any other laws,

her claim for "unlawful" conduct also fails.  *See Warner v. Tinder*, 105 F. Supp. 3d 1083, 1095 (C.D.

Cal. 2015) ("Where the predicate claims on which a plaintiff's UCL [unlawful] claim are based fail,

the UCL [unlawful] claim fails as well.")  Further, because the "unfair" business practices Plaintiff

alleges "overlap entirely with the business practices addressed in the fraudulent and unlawful prongs

of the UCL," that claim "cannot survive [because] the claims under the other two prongs of the UCL

do not survive."  *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104-05 (N.D. Cal. 2017); *see*

*also Ahern*, 411 F. Supp. 3d at 558 (when an omission forms the basis of a fraudulent prong and unfair

prong claim, those claims rise and fall together).  Because Plaintiff cannot sustain claims of fraud

against HP under any theory, and because the information she claims was concealed is and has been

available to consumers since well before 2017, the Court should dismiss her CLRA, UCL, fraudulent

concealment, and fraud claims with prejudice.  *See Berk v. Coinbase, Inc.*, No. 18-cv-01364-VC, 2019

WL 3561926, at *4 (N.D. Cal. Aug. 6, 2019) (dismissing fraud and UCL claims with prejudice).

**C.      Plaintiff's Implied Warranty Claim Fails Because She Is Not in Privity with HP and Has Not Plausibly Alleged the Printer Is Unfit for Its Ordinary Use**

Plaintiff fails to state a claim for breach of implied warranty under section 2314 of the

California Commercial Code for at least two reasons.  First, the Ninth Circuit has held that vertical

privity is required between the purchaser and the manufacturer in order to assert an implied warranty

claim.  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023-24 (9th Cir. 2008).  Plaintiff

purchased her printer from Costco, a third-party retailer (Compl. ¶ 13), and thus was not in vertical

privity with HP.  Although Defendant acknowledges that "federal district courts are split on whether

to create a third-party beneficiary exception to the privity requirement under California law," *Mandani*

*v. Volkswagen Grp. of Am.*, 2019 WL 652867, at *6 (N.D. Cal. Feb. 15, 2019), *Clemens* remains good

law, and this Court has previously cited it with approval in dismissing an implied warranty claim in

the consumer products context, *see Patterson v. RW Direct, Inc.*, No. 18-cv-00055-VC, 2018 WL

6106379, at *1, *3 (N.D. Cal. Nov. 21, 2018) (dismissing implied warranty claim under section 2314 against a lawnmower manufacturer for lack of privity).  The Court should do the same here.

Second, an implied warranty of merchantability claim under section 2314 does not lie merely because the plaintiff is dissatisfied with some feature of the product.  As a general matter, "[t]he implied warranty of merchantability warrants that goods are fit for the ordinary purposes for which such goods are used." *Marcus v. Apple Inc.*, 2015 WL 151489, at *9 (N.D. Cal. Jan. 8, 2015).  A breach of the implied warranty "'means the product did not possess even the most basic degree of fitness for ordinary use.'" *Id*. (citing *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003)).  Accordingly, "[a] product which performs its ordinary function adequately does not breach the implied warranty of merchantability merely because it does not function as well as the buyer would like, or even as well as it could." *Id*. (internal citation omitted); *see also Baltazar v. Apple Inc.*, 2011 WL 3795013, at *3-4 (N.D. Cal. Aug. 26, 2011) (rejecting implied warranty claim and stating that allegations "that the iPad does not fulfill the expectation of the named [p]laintiffs . . . does not . . . show that the device fails to meet 'a minimum level of quality' for a tablet computer").

Plaintiff repeatedly alleges that the printers were "designed" to utilize underprinting (*see, e.g.*, Compl. ¶¶ 3, 5, 7, 25-26, 35) and thus cannot plausibly allege that the printers "failed to do anything they were designed to do," *Birdsong v. Apple Inc*., 590 F.3d 955, 959 (9th Cir. 2009).  Moreover, she alleges she continues to "buy ink for her printer" and professes to be interested in purchasing HP inkjet printers in the future if the disclosures she demands are made.  (Compl. ¶ 15.)  These allegations indicate the printer is in fact fit for its ordinary purpose of printing (both in black and white and in color).  Plaintiff's alleged dissatisfaction with the technical underprinting process does not create a plausible inference that the printer did not "possess even the most basic degree of fitness" for printing. *Marcus*, 2015 WL 151489, at *9.  The implied warranty claim should therefore be dismissed.

### D.      Plaintiff's Requests for Equitable Relief Fail

#### 1.      Plaintiff's Quasi-Contract Claim Fails Because She Has Not Pled an Actionable Misrepresentation or Omission

Plaintiff's claim for "quasi-contract/restitution" fails because she has not alleged any actionable misrepresentation or omission to support it.  To state a claim for quasi-contract, a plaintiff

must allege "(1) a defendant's receipt of a benefit and (2) unjust retention of that benefit at the plaintiff's expense." *MH Pillars Ltd. v. Realini*, 277 F. Supp. 3d 1077, 1094 (N.D. Cal. 2017). "[W]hen a plaintiff fails to sufficiently plead an actionable misrepresentation or omission, [her] restitution claim must be dismissed." *Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1120 (N.D. Cal. 2016) (internal quotation marks omitted); *see also Meaunrit v. Pinnacle Foods Group, LLC*, 2010 WL 1838715, at *13 (N.D. Cal. May 5, 2010) ("Plaintiffs' unjust enrichment and restitution claim fails because they have not stated a predicate claim warranting such relief."). Plaintiff has not pointed to any actionable misrepresentation, and for the reasons given above, has not successfully pleaded an actionable omission, either. Thus, Plaintiff's quasi-contract/restitution claim fails for the same reasons as her "fraudulent" UCL and common-law fraud claims. *See* Section IV.A, *supra*; *Adams v. Wells Fargo Bank, N.A.*, 2015 WL 6449383, at *2, *4 (N.D. Cal. Oct. 26, 2015) (dismissing unjust enrichment claim where plaintiffs "loosely allege[d] fraud [but] d[id] not allege any specifics of any fraudulent conduct" as required by Rule 9(b)); *cf. Nava*, 2019 WL 5173767, at *1, n.1 (finding plaintiffs' unjust enrichment claim sufficient to meet heightened pleading standards of Rule 9(b) only because allegations of fraud were pled with specificity). Therefore, Plaintiff's quasi-contract/restitution claim should be dismissed.[6]

## 2.      Plaintiff Lacks Standing to Seek Injunctive Relief

Plaintiff cannot seek injunctive relief because she has always had access to information regarding the underprinting process for HP's printers and thus cannot plausibly allege she will be injured in the future. Under *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), "a previously deceived consumer may have standing to seek an injunction . . . , even though [she] now knows or suspects that the advertising was false at the time of the original purchase, because [she] may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Id.* at

---

[6] Some courts have also held that "a plaintiff seeking equitable relief must first demonstrate that her remedy at law is inadequate." *Mullins v. Premier Nutrition Corp.*, 2018 WL 510139, at *2 (N.D. Cal. Jan. 23, 2018); *accord Philips v. Ford Motor Co.*, 726 F. App'x 608, 609 (9th Cir. 2018). Although HP acknowledges this Court has held to the contrary, for preservation purposes, HP notes that Plaintiff has adequate remedies at law, including through her claims for breach of implied warranty, fraudulent concealment, and common-law fraud, all of which target the same conduct as her equitable claims. Her quasi-contract claim should be dismissed for this reason as well.

969-70 (citation omitted).  But this rule has limits.  First, Plaintiff says she "wishes" to purchase an HP inkjet printer again (Compl. ¶ 15), but a "'some day' intention—without any description of concrete plans, or indeed even any actual specification of when the some day will be—does not support a finding of the 'actual or imminent' injury that Article III requires."  *Wallace v. SharkNinja Operating, LLC*, 2020 WL 1139649, at *14 (N.D. Cal. Mar. 9, 2020) (quoting *Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x 590, 591 (9th Cir. 2018)).

Second, "[u]nlike *Davidson*, where the plaintiff could not know without purchasing the flushable wipes whether the wipes were truly flushable," here, Plaintiff does "not need to purchase the [printer] again in order to know whether" underprinting occurs, because, as she admits, information regarding underprinting for those printers that utilize the process is available at multiple locations on HP's website and in its online user manuals.[7]  *See Joslin v. Clif Bar & Co.*, 2019 WL 5690632, at *4-5 (N.D. Cal. Aug. 26, 2019) (dismissing injunctive relief claim for lack of standing where plaintiff did not have to purchase product again to know whether she would be harmed); Compl. ¶¶ 38-39.  Although she claims to have been unaware of the underprinting process at the time she purchased her OfficeJet 8630, she cannot dispute she is "now aware" of that process.  *See, e.g.*, *Rahman v. Mott's, LLP*, 2018 WL 4585024, at *3 (N.D. Cal. Sept. 25, 2018) (dismissing request for injunctive relief where plaintiff became aware that his interpretation of "no sugar added" was unfounded and would be unlikely to be deceived when he saw that language in the future); Compl. ¶¶ 13-15.  Because there is "no future risk" that Plaintiff will be misled about the issues raised in her complaint if she attempts to purchase an HP inkjet printer in the future, she lacks standing to seek injunctive relief.  *Id*.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be dismissed with prejudice.

---

[7]  Even if the Court declines to consider HP's website under Rule 12(b)(6), at a minimum, it should do so under Rule 12(b)(1).  *See, e.g.*, *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.").

Dated: June 8, 2020                          GIBSON, DUNN & CRUTCHER LLP


                                             By:   */s/ Samuel Liversidge*
                                                          Samuel Liversidge

                                             Attorneys for Defendant HP Inc.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT
CASE NO. 3:20-CV-02450-VC