Benjamin Heikali (SBN 307466)
E-mail: bheikali@faruqilaw.com
Joshua Nassir (SBN 318344)
E-mail: jnassir@faruqilaw.com
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

Bonner C. Walsh (*pro hac vice*)
**WALSH P.L.L.C.**
1561 Long Haul Road
Grangeville, ID 83530
Telephone: (541) 359-2827
Facsimile: (866) 503-8206

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CEPELAK, JUDY CHAMBERS, JIM DICKINSON and MARCIA NUPP, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HP INC.,<br><br>Defendant. | Case No.: 3:20-cv-02450-VC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>Hearing Date: October 7, 2021<br>Time: 2:00 p.m.<br>Courtroom: 04, 17th Floor<br>Judge: Hon. Vince Chhabria<br><br>SAC filed: July 12, 2021 |

As outlined in Defendant HP Inc.'s ("HP") Request for Judicial Notice in Support of Defendant's Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint ("RJN"), HP is requesting that the Court take judicial notice of web pages from HP's website regarding the HP Printers' ink usage as well as the online user manual for Plaintiff John Cepelak's printer. These are precisely the same materials HP sought to introduce in its initial request for judicial notice with its prior motion to dismiss. *See* ECF No. 40-1.

As an initial matter, the Court addressed the inconspicuous nature of these materials in its Order Granting In Part and Denying In Part Motion To Dismiss. ECF No. 46 (the "Order") at 2 ("[T]o the extent that HP made these disclosures, the complaint suggests that HP essentially hid the information in places that reasonable consumers would be hard-pressed to find when purchasing a printer, and that it did so to avoid losing profits. […] These allegations are sufficient for inferring concealment and intent.") Thus, even if the Court decides to now take judicial notice of these materials, they are of no consequence to Plaintiffs' claims.

However, the Court should not take judicial notice of these materials. First, these web pages are not at issue in this case as none of the Plaintiffs alleged to have visited the HP website prior to purchase. *De la Cabada v. Ytel, Inc.*, No. 19-cv-07178-JSC, 2020 WL 1156909, at *1 n.3 (N.D. Cal. Mar. 10, 2020) ("Defendant asserts that because the FAC 'includes selective screenshots from [Defendant's] website, it is appropriate for [Defendant] to refer to, and for this Court to consider, other parts of [Defendant's] website for a more robust understanding of [Defendant's] business.' Not so. At this stage the Court can only consider the web pages 'directly quoted' in the FAC.") (citation omitted).

Indeed, the three mere references to HP's website in the SAC, two for jurisdictional purposes pointing to HP's presence in California, and the other regarding ink prices, does not permit HP to acquire judicial notice of various webpages on the HP website. *Kip's Nut-Free Kitchen, LLC v. Kips Dehydrated Foods, LLC*, No. 3:19-cv-00290-LAB-LL, 2019 WL 3766654, at *2 (S.D. Cal. Aug. 9, 2019) ("A passing reference to a website does not transform every document associated with that website into a proper subject for judicial notice.")

Further, HP's contention that all statements on its website are not subject to dispute is false

1

PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

and goes against the well-accepted principle that "[t]he potential for fabrication or for inaccurate information is simply too great" with "websites which have been created and are maintained by one of the parties to a case[.]'" *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1030-31 (C.D. Cal. 2015) (emphasis added) (citation omitted). Rather, "[t]he statements in [Defendant's website] may support a defense at some later stage of the litigation, but they are irrelevant to Plaintiff's claims at this time." *Kip's Nut-Free Kitchen*, 2019 WL 3766654, at *2.

The Court should also refuse to take judicial notice of the Printer's user manual as the SAC does not include a single citation to any manual or its contents; instead, the SAC only states that "[t]o the extent that HP may have added purported statement(s) regarding underprinting on its website and/or user manuals in response to the settlement [referenced in the SAC], and to the extent they even cure any consumer deception, such statement(s) are not conspicuous to reasonable consumers when they are purchasing the Printers, due to their placement and/or presentation on such platforms." SAC ¶ 44.

Because Plaintiffs do not cite from any manual, and their claims do not rely on their contents, HP is incorrect that the incorporation by reference doctrine applies. *Darensburg v. Metro. Transp. Comm'n*, No. C-05-01597 EDL, 2006 WL 167657, at *2 (N.D. Cal. Jan. 20, 2006) (refusing to take judicial notice of documents under the incorporation by reference doctrine when "none of these documents are referred to extensively in the complaint, nor are they central to Plaintiff's claims.") As the Court recognized in its Order, while "HP agreed to disclose information on underprinting on its website or in its user manuals," Plaintiffs "allegations are sufficient for inferring concealment and intent" for such materials. Order at 2. Thus, as the manuals are neither referred to extensively in the complaint, nor are they central in Plaintiffs' claims, the Court should decline to take judicial notice of them.

HP's authorities do not support a different outcome. For example, in *Parrino*, the Court noticed documents which were "crucial to the plaintiff's claims," "upon which the plaintiff's complaint necessarily relies," and where "the party deliberately omitt[ed] references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), as amended (July 28, 1998); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (same).

As noted in this Court's prior Order and is evident from the SAC, these materials were hidden from consumers and thus are not dispositive as to Plaintiffs' claims. For these reasons, the Court should decline to take notice of the materials sought in HP's RJN.

Dated: August 18, 2021

**FARUQI & FARUQI, LLP**

By: */s/ Benjamin Heikali*
Benjamin Heikali (SBN 307466)
Joshua Nassir (SBN 318344)
10866 Wilshire Blvd., Suite 1470
Los Angeles, CA 90024
Telephone: 424.256.2884
Fax: 424.256.2885
E-mail:   bheikali@faruqilaw.com
          jnassir@faruqilaw.com

Bonner C. Walsh (*pro hac vice*)
**WALSH P.L.L.C.**
1561 Long Haul Road
Grangeville, ID 83530
Telephone: (541) 359-2827
Facsimile: (866) 503-8206

*Attorneys for Plaintiffs*