# EXHIBIT A

Benjamin Heikali (SBN 307466)
*E-mail: bheikali@faruqilaw.com*
Joshua Nassir (SBN 318344)
*E-mail: jnassir@faruqilaw.com*
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

Bonner C. Walsh (*pro hac vice*)
**WALSH P.L.L.C.**
1561 Long Haul Road
Grangeville, ID 83530
Telephone: (541) 359-2827
Facsimile: (866) 503-8206

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CEPELAK, JUDY CHAMBERS, JIM DICKINSON and MARCIA NUPP, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HP INC.,<br><br>Defendant. | Case No.: 3:20-cv-02450-VC<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** |

**PROPOUNDING PARTY: PLAINTIFFS JOHN CEPELAK, JUDY CHAMBERS, JIM DICKINSON and MARCIA NUPP**

**RESPONDING PARTY: DEFENDANT HP INC.**

Pursuant to Federal Rules 26 and 34 of Civil Procedure and the Local Civil Rules for the Northern District of California, Plaintiffs John Cepelak, Judy Chambers, Jim Dickinson and Marcia Nupp ("Plaintiffs") propounds on to Defendant HP INC. ("HP") ("Defendant") the following First Set of Requests for Production.

The following Definitions and Instructions apply to these Requests for Production:

## DEFINITIONS

Each word, term, or phrase defined below and used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.

"You", "Your", "Defendant", and "HP" mean HP INC. and any of its present and former divisions, segments, subsidiaries, parents, affiliates, predecessors, successors, and assignees; its present and former officers, directors, partners, employees, agents, consultants, accountants, and lawyers; and all other persons who are acting or who have acted on behalf of or who are or have been subject to the direction or control of HP INC.

"Class" shall mean the classes as defined in the Second Amended Class Action Complaint (Dkt. 69) or the live pleading at the time of response.

"Communicate" or "communication" shall mean and include every manner or means of disclosure, transfer or exchange of information (in the form of facts, ideas, inquiries or otherwise) whether orally or by document or whether face-to-face, by telephone, telecopier, mail, facsimile, personal delivery, overnight or otherwise.

"Customer" or "Customers" shall mean individuals whom You understood or believed to have purchased HP Printers.

"Document(s)" means all written, typed, or printed matter and all magnetic or other records or documentation of any kind or description (including but not limited to letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records, or notations of telephone or personal conversations, conferences, inter- and intra-office communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings,

computer printouts and worksheets), including but not limited to drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in the possession, custody, or control of the party responding to the discovery request.

"Identify" or "Identification":

(a) When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address.

(b) When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, and present or last known business address or operating address.

(c) When used in reference to a document, "identify" or "identification" shall include statement of the following:

(i) the title, heading, or caption, if any, of such document;

(ii) the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(iii) the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv) the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a Meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

  (v) the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

  (vi) the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

  (vii) the physical location of the document and the name of its custodian or custodians.

(d) When used in reference to a Document or Communication, it means:

  (i) to state the manner in which the communication occurred (by document, by e-mail, by telephone conversation, or by Meeting, etc.);

  (ii) if the communication was by document, to identify each person who sent and received the document and state the date on which place to which the document was sent and received;

  (iii) if the communication was by telephone, to state the date and place of the communication, to identify each natural person who was present during all or part of the communication, and to describe in detail the information communicated by each natural person;

  (iv) if the communication was by committee, to state the date and place of the Meeting, to identify each natural person who attended the Meeting, and to describe in detail the information communicated by each natural person; and

  (v) if by means other than those described above, to identify each person who received the information communicated, to identify each natural person who provided the information communicated, to state the date on which the communication was sent and received, and to describe in detail the information communicated;

"File" means a collection or group of documents and tangible items kept together, whether printed or electronically, in folders, notebooks, or other devices for separating or organizing documents and tangible items.

"Meeting" shall mean the contemporaneous presence of any natural persons whether or not such presence was by chance or prearranged, and whether or not the meeting was formal for informal or occurred in connection with some other activity.

"Named Plaintiffs" means John Cepelak, Judy Chambers, Jim Dickinson and Marcia Nupp.

"Person" means any natural person, corporation, limited liability company, form, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity.

"Policy" shall mean any rule, procedure, practice, or course of conduct, whether formal or informal, written or unwritten, recorded, or unrecorded.

"Printers", "HP Printers", and "Products" shall mean printers manufactured by HP as described in the Second Amended Class Action Complaint (Dkt. 69) or the live pleading at the time of response.

"Relevant Time Period" means time period from April 10, 2016 until and up to the present. Unless otherwise stated in a specific request, all requests refer to the Relevant Time Period and shall include all information that relates to, were referenced, or were in effect during the Relevant Time Period, even if first created or received prior to the Relevant Time Period.

The use of the singular form of any word includes the plural and vice versa.

The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all other responses that might otherwise be construed to be outside of its scope.

**INSTRUCTIONS FOR REQUESTS FOR PRODUCTION**

Your responses and production of documents and tangible items are to be made in accordance with the Federal Rules of Civil Procedure. The responsive documents and tangible items which are in Your possession, custody, or control must be served upon the propounding

party's attorney, at his office, or by email no later than thirty (30) days after service of these requests.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1.:**  If You contend that the Defendant is not correctly named in Plaintiffs' Second Amended Complaint, all documents on which You base such contention.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2.:**  Copies of any rules, regulations, other statements by any federal agency, and contents of the *Federal Register* of which You contend the Court should take official notice.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3.:**  Copies of any rules, regulations, other statements by any state agency, of which You contend the Court should take official notice.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4.:** Documents concerning the measurement of Your Products' usage of ink during printing.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5.:** Documents concerning the measurement of Your Products' usage of ink during any maintenance procedures.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6.:** Documents concerning the measurement of Your Products' usage of ink during any idle, inactive or "sleep" mode phase.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7.:** Documents concerning the measurement of Your Products' usage of ink during "wake up" from an inactive or "sleep" mode.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8.:** Documents concerning the measurement of Your Products' usage of ink when the Printer has been placed in "Quiet Mode."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9.:** Documents concerning the measurement of Your Products' usage of ink when turning the printer on.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10.:** Documents concerning the measurement of Your Products' usage of ink when turning the printer off.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11.:** Documents concerning the measurement of Your Products' usage of color ink when Your Printers are printing in black-and-white monochrome.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12.:** Documents concerning the measurement of Your Products' usage of black ink during color printing.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13.:** Documents concerning the measurement of Your Products' usage of color ink during the "black ink only" mode of printing.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14.:** Documents concerning the measurement of Your Products' usage of black ink during the "black ink only" mode of printing.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15.:** Documents concerning any communications between You and the person(s) or entity(ies) that conducted any tests which purported to measure Your Products' usage of ink, including but not limited to the "underprinting" process (as defined in Plaintiffs' Second Amended Complaint).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16.:** Documents concerning the "underprinting" process (as defined in Plaintiffs' Second Amended Complaint) in any of Your Products.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17.:** Documents concerning any measurements of the "underprinting" process (as defined in Plaintiffs' Second Amended Complaint) in any of Your Products.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18.:** Documents concerning any communications between You and the person(s) or entity(ies) that conducted any tests which mention "underprinting" in Your Products.

**RESPONSE:**

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 19.:** Documents concerning any advertising of the Products that purport to describe the usage of ink by your Products, including, but not limited to, internal memoranda, communications with marketing and advertising agencies, materials from marketing and advertising agencies, and the advertisements themselves.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20.:** Documents concerning marketing and sales of the Products that purport to describe the usage of ink by your Products, including, but not limited to, communications with retailers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21.:** Documents relating to product buyer's guides You supplied to any retailer or wholesaler or made available online.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22.:** Documents relating to product buyer's guides You helped write with or for any retailer or wholesaler.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23.:** Documents concerning the Plaintiffs' adequacy to represent the proposed Class.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24.:** Documents concerning Your Document retention policies.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25.:** Produce any and all documents, memorandum or reports that define or describe "underprinting."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26.:** Produce all documents which will evidence, reference, or relate to any reports by persons whom You have retained or will retain as an expert.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27.:**  Produce all documents which will evidence, reference, or relate to opinions, factual observations, and/or investigations by persons whom You have retain or will retain as experts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28.:**  Produce all documents which have been, or will be, furnished to or reviewed and/or examined by any of Your experts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29.:**  Produce all documents which will evidence, reference, or relate to any documents which have been or will be drafted, made, and/or generated by any of Your experts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30.:**  All documents relating to "product buyers' guides" or other marketing materials HP provided or assisted in developing for retailers in connection with the sale of HP Printers.

**RESPONSE:**

1  **REQUEST FOR PRODUCTION NO. 31.:** All documents on which You base Your calculation
2  of the number of persons who would be in the Class proposed in Plaintiffs' Second Amended
3  Complaint (or the current live pleading).
4
5  **RESPONSE:**
6
7
8  **REQUEST FOR PRODUCTION NO. 32.:** All documents relevant to the number of persons who
9  would be in the Class proposed in Plaintiffs' Second Amended Complaint (or the current live
10 pleading).
11
12 **RESPONSE:**
13
14
15 **REQUEST FOR PRODUCTION NO. 33.:**  All documents concerning the volume of distribution
16 or sales of the HP Printers which relate to purchases by retailers or end-users within the United
17 States.
18
19 **RESPONSE:**
20
21 **REQUEST FOR PRODUCTION NO. 34.:**  All insurance policies, agreements, or by-laws under
22 which any person may be liable to satisfy all or part of a judgment which may be entered in this
23 action or to indemnify or reimburse HP or any other party, for payments made to satisfy any
24 judgment settlement, or expenses in connection with this action.
25
26 **RESPONSE:**
27
28

14
PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 35.:** All documents concerning the organization and management structure of HP, including, but not limited to organizational charts and employee directories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36.:** All documents relating to Plaintiffs, or their HP Printers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37.:** Documents sufficient to identify every brand and model of Printer manufactured by You.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38.:** For each model of Printer, documents sufficient to identify the number of units sold and revenues from sales in the United States in each year during the class period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39.:** For each model of Printer, documents sufficient to identify the number of dollar amount of refunds for Products sold in the United States paid by You in each year during the class period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40.:** For each model of Printer, documents sufficient to identify the number of consumers who registered their Product with You.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41.:** All documents referred to or relied upon in Your forthcoming responses to Plaintiffs' First Set of Interrogatories, propounded on You on July 19, 2021.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42.:** All documents produced by You in the matter of *Rich et al. v. Hewlett-Packard Company*, No. C-06-03361-JF, (N.D. Cal.).

**RESPONSE:**

| | |
|---|---|
| Dated: July 29, 2021 | **FARUQI & FARUQI, LLP** |
| | By: */s/ Benjamin Heikali* |
| | Benjamin Heikali (SBN 307466) |
| | Joshua Nassir (SBN 318344) |
| | 10866 Wilshire Blvd., Suite 1470 |
| | Los Angeles, CA 90024 |
| | Telephone: 424.256.2884 |
| | Fax: 424.256.2885 |
| | E-mail:   bheikali@faruqilaw.com |
| |             jnassir@faruqilaw.com |
| | Bonner C. Walsh (*pro hac vice*) |
| | **WALSH P.L.L.C.** |
| | 1561 Long Haul Road |
| | Grangeville, ID 83530 |
| | Telephone: (541) 359-2827 |
| | Facsimile: (866) 503-8206 |
| | *Attorneys for Plaintiffs* |