Benjamin Heikali (SBN 307466)
E-mail: bheikali@faruqilaw.com
Joshua Nassir (SBN 318344)
E-mail: jnassir@faruqilaw.com
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

Bonner C. Walsh (*pro hac vice*)
**WALSH P.L.L.C.**
1561 Long Haul Road
Grangeville, ID 83530
Telephone: (541) 359-2827
Facsimile: (866) 503-8206

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN CEPELAK, JUDY CHAMBERS, JIM DICKINSON and MARCIA NUPP, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HP INC.,<br><br>Defendant. | Case No.: 3:20-cv-02450-VC<br><br>**PLAINTIFFS' MOTION TO EXTEND SCHEDULE DEADLINES AND BRIEFING SCHEDULE**<br><br>SAC filed: July 12, 2021 |

Pursuant to N.D. Civil L.R. 6-2, Plaintiffs John Cepelak, Judy Chambers, Jim Dickinson, and Marcia Nupp ("Plaintiffs") in the above-captioned action hereby move this Court for an order adopting the proposed case schedule below, which proposes a 10-week extension on all discovery and class certification deadlines. Good cause exists for this request for the reasons stated herein and the attached Declaration of Joshua Nassir.

As the Federal Rules recognize, "[a] schedule may be modified" when the moving party demonstrates "good cause and with the judge's consent." Fed. R. Civ. P. 16.  "'The court may grant relief from a scheduling deadline if the deadline could not 'reasonably be met despite the diligence of the party seeking the extension.' [] While a court may consider prejudice to the opposing party, 'the focus of the inquiry is upon the moving party's reasons for seeking modification.'" *Entrepreneur Media, Inc v. Roach*, No. 8:20-CV-01690-JVS-AD, 2021 WL 4134836, at *1 (C.D. Cal. July 1, 2021) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992))

Here, good cause warrants modifying the scheduling order. Plaintiffs have been diligent in meeting the deadlines set forth in the Court's July 8, 2021 Scheduling Order (ECF No. 67), but delays and prior statements by HP that it would stipulate to extend deadlines, which it now opposes, warrant additional time for Plaintiffs to complete class certification and discovery related matters. While the full details explaining how Plaintiffs have exhausted their attempts to reach a mutual agreement with HP on meeting its discovery obligations are more fully outlined in Plaintiffs' position in the Joint Discovery Dispute Letter (ECF No. 87), Plaintiffs will provide a summary here.

Plaintiffs initially served their First Set Of Requests For Production ("RFPs") on July 29, 2021. From that time, the Parties had been continuously negotiating the parameters and details of HP's document production. On August 23, 2021, Plaintiffs followed up with HP regarding when Plaintiffs can expect HP to begin its document production, which resulted in HP producing its first and (until January 20, 2022, the night before Plaintiffs filed the aforementioned discovery dispute) only set of documents on September 9, 2021, consisting of only 37 pages of documents. On November 9, 2021, after discussing the proposed draft protective order, ESI protocol, and document production at length, Plaintiffs demanded that HP provide a date of when it expects to substantially complete its

1
PLAINTIFFS' MOTION TO EXTEND SCHEDULE DEADLINES AND BRIEFING SCHEDULE

document production. The Parties met and conferred on November 11, 2021, where HP provided the date of substantial discovery completion of January 28, 2022, explaining that much of the difficulties in its document search and review were determining the printers at issue in this case (i.e., HP Printers that have one or more of the issues alleged in the operative complaint).

After further meet and confer meetings, HP determined that there are at least 55 printers at issue in this case and provided the list of these printers to Plaintiffs on December 10, 2021. Subsequently, on January 7, 2022, the Parties filed their joint stipulation seeking a four-month extension of the deadlines in this case, which the Court denied in its Order on January 11, 2022. Given the denial of the modified scheduling order and the lack of documents produced by HP, in addition to the numerous instances the Parties met and conferred on these issues, Plaintiffs begun the discovery dispute process and filed the Joint Discovery Dispute Letter with the Court on January 21, 2022. Lastly, on January 20, 2022 at 7:02 pm PST, the night before the Joint Discovery Dispute Letter was filed, HP provided Plaintiffs with an additional 4,207 pages of documents. Based on Plaintiffs' review of this production, it seems the documents are predominantly publicly available user manuals. Thus, this reinforces Plaintiffs' position that HP would not substantially complete its document production without judicial intervention.

Now, Plaintiffs seek a 10-week extension on all discovery and class-certification deadlines. Notably, HP initially agreed to join Plaintiffs in seeking an extension to push out discovery deadlines (including Plaintiffs' expert disclosure deadline), *which was necessitated by HP's own delay in producing discovery and its insistence on using a protective order meant for patent cases*. On January 20, 2022, Plaintiffs proposed to seek a joint stipulation seeking a 10-week extension to discovery and class certification deadlines. On the same day, HP refused and instead informed Plaintiffs that it would seek to hold Plaintiffs to the previous scheduling deadlines.  Thus, Plaintiffs seek redress from the Court. *Omega Hosp., LLC v. United Healthcare of Louisiana, Inc.*, No. CV 16-560-JWD-EWD, 2021 WL 5287855, at *2 (M.D. La. Oct. 7, 2021) (granting motion to extend class certification and expert disclosure deadlines when, *inter alia*, "[Plaintiff] contends that when it then sought an extension of the class certification motion deadline, after having agreed to discovery extensions, [Defendant]

2

PLAINTIFFS' MOTION TO EXTEND SCHEDULE DEADLINES AND BRIEFING SCHEDULE

'reversed course on the trajectory of the relationship and modifications to the discovery schedule, deciding to vehemently oppose an extension of time that would bring the scheduling order in line with the prior agreements.'") Plaintiffs' requested redress is further justified given that, despite HP's assurances regarding the timeline of its document completion, the documents produced thus far by HP were incomplete, and primarily consisted of documents in the public record. *Id.* at *4 (granting motion to extend when "parties had agreed to multiple informal extensions prior to the class certification motion deadline, such that United produced documents to Omega less than a month before the motion was due," and that there were documents which were "requested but has not yet received").

Absent granting the Motion, Plaintiffs and members of the putative classes would be considerably prejudiced. The deadlines Plaintiffs seek to extend pertain to Plaintiffs' class certification motion, and are thus significant to preserving the interests of hundreds of thousands of absent class members. This significance, combined with HP's delay and backtracking, weighs in favor of granting the extension, even if the Court finds that part of this issue was born partly as a result of Plaintiffs' conduct in this Action. *Id.* at *5 (holding that "importance of the class certification motion and the availability of a continuance to cure any prejudice in allowing the extension weigh heavily in favor of granting [the extension]", despite the court finding that "it appears true that [Plaintiff] did not act with the level of diligence it should have" and due to the defendant's conduct and prior statements approving of extensions); *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 199 (S.D.N.Y. 2014) ("Delay alone will not negate plaintiffs' showing of good cause"). Lastly, to the extent the Court decides to consider prejudice to HP if the motion is granted, there is little no prejudice given that extensions on the dates do not put HP at any disadvantage, and more importantly, HP had previously "agreed to extend virtually all other deadlines in the [Scheduling Order]." *Omega*, 2021 WL 5287855, at *5.

For these reasons, Plaintiffs respectfully request a 10-week extension on the dates provided by the Court's July 8, 2021 Order as follows:

1. The date set for the Close of Non-Expert Fact Discovery has been moved from February 28, 2022 to May 9, 2022;

2. The Deadline for Plaintiffs to disclose the identity of their Class Certification Expert has been moved from January 10, 2022 to March 21, 2022;

3. The Deadline for Defendant to disclose the identity of its Class Certification Expert has been moved from February 8, 2022 to April 19, 2022;

4. The deadline for Plaintiffs' Motion for Class Certification and Class Certification Expert Reports have been moved from March 23, 2022 to June 1, 2022;

5. The deadline for Defendant's Opposition to Class Certification and Class Certification Expert Reports have been moved from May 13, 2022 to July 22, 2022;

6. The deadline for Plaintiffs' Reply for Class Certification and Rebuttal Class Certification Expert Reports have been moved from June 10, 2022 to August 19, 2022;

7. The Hearing on Motion for Class Certification has been moved from June 23, 2022 at 2:00 PM to September 1, 2022 at 2:00 PM;

8. The Joint Case Management Statement has been moved from July 6, 2022 to September 14, 2022; and

9. The Case Management Conference has been moved from July 13, 2022 at 2:00 PM to September 21, 2022 at 2:00 PM.

Pursuant to Civil L.R. 6-3(a)(5), the previous time modifications in this case were: (1) the Court's July 8, 2021 Order [ECF No. 67], adopting the schedule stipulated by the Parties' June 18, 2021 Joint Stipulation, with modifications; and (2) the Court's December 13, 2021 Order Granting Stipulation Extending Time [ECF No. 81], granting HP's December 10, 2021 Stipulation to Extend Time to Answer Second Amended Complaint [ECF No. 80].

Dated: January 26, 2022                              **FARUQI & FARUQI, LLP**

                                                     By: */s/ Benjamin Heikali*
                                                     Benjamin Heikali (SBN 307466)
                                                     Joshua Nassir (SBN 318344)
                                                     10866 Wilshire Blvd., Suite 1470
                                                     Los Angeles, CA 90024

4

PLAINTIFFS' MOTION TO EXTEND SCHEDULE DEADLINES AND BRIEFING SCHEDULE

Telephone: 424.256.2884
Fax: 424.256.2885
E-mail: bheikali@faruqilaw.com
jnassir@faruqilaw.com

Bonner C. Walsh (*pro hac vice*)
**WALSH P.L.L.C.**
1561 Long Haul Road
Grangeville, ID 83530

Telephone: (541) 359-2827
Facsimile: (866) 503-8206

*Attorneys for Plaintiffs*

5
PLAINTIFFS' MOTION TO EXTEND SCHEDULE DEADLINES AND BRIEFING SCHEDULE