1  SAMUEL LIVERSIDGE, SBN 180578
     sliversidge@gibsondunn.com
2  LAUREN M. BLAS, SBN 296823
     lblas@gibsondunn.com
3  BRANDON STOKER, SBN 277325
     bstoker@gibsondunn.com
4  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
5  Los Angeles, CA 90071-3197
   Telephone: 213.229.7000
6  Facsimile: 213.229.7520

7  Attorneys for Defendant HP INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CEPELAK, JUDY CHAMBERS, JIM DICKINSON, and MARCIA NUPP, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HP INC.,<br><br>Defendant. | CASE NO. 3:20-cv-02450-VC<br><br>**DEFENDANT HP INC.'S RESPONSE TO PLAINTIFFS' MOTION TO EXTEND DEADLINES AND BRIEFING SCHEDULE** |

On January 26, 2022, Plaintiffs filed a motion seeking a "10-week extension on all discovery and class certification deadlines." Dkt. 89 at 1. Defendant HP Inc. does not oppose Plaintiffs' request, provided the extension applies equally to both parties, as it appears to do in Plaintiffs' proposed order.

HP already informed Plaintiffs that it is willing to stipulate to the extension Plaintiffs now seek. Instead of accepting HP's proposal to file a stipulation, Plaintiffs filed a *motion* seeking the exact same relief, ostensibly to address the Court's admonition that "adequately representing a proposed class includes moving the case forward at a reasonable pace" in the order denying the parties' stipulation filed on January 7, 2022. Dkts. 85, 86. Plaintiffs now attempt to blame HP for purported "delays," Dkt. 89 at 2–3, even though Plaintiffs represented two weeks ago that the case was moving at an appropriate pace, *see* Dkts. 85, 85-1. Plaintiffs even represent to the Court that HP "refused" to stipulate to a 10-week extension, Dkt. 89 at 2, which is false. On January 20, 2022, Plaintiffs proposed a 10-week extension and HP responded that it "would agree" if the proposed extension applied equally to both parties. Stoker Decl. ¶ 3 & Ex. A at 1. Plaintiffs responded that they "cannot agree with [HP's] proposal," and made an unreasonably one-sided demand that HP produce all documents by an arbitrary deadline of January 28—one week later—while moving forward with a motion to extend *only Plaintiffs'* discovery deadlines by 10 weeks, including an expert disclosure deadline that had already passed. *Id.* HP always has been, and remains, willing to agree to a reasonable extension of time that applies equally to both Plaintiffs and HP

In their attempt to malign HP, Plaintiffs' motion repeats large portions of the parties' discovery dispute letter this Court already delegated to Magistrate Judge Beeler. *See* Dkts. 88, 89. For instance, Plaintiffs claim that the requested extension is necessitated by "[HP's] insistence on using a protective order meant for patent cases," and accuses HP of "delay[ing]" discovery. Dkt. 89 at 2. These claims are false. While HP believes this case is advancing at an appropriate pace, any purported delay has been caused by two issues: (1) resolving Plaintiffs' inexhaustible objections to the Court's model protective order; and (2) difficulty identifying relevant printers in this case based on the allegations in Plaintiffs' complaint, which is a necessary step to identifying relevant documents for production.

As explained at length in the parties' discovery dispute letter, HP proposed using the Northern District's "Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential

Information and/or Trade Secrets" in August 2021.  Dkt. 87 at 3–4.  Plaintiffs waited months before raising any concerns about using the model order, then objected that this is not a "patent" case, even though the model order is intended for use in cases involving "Highly Sensitive Confidential Information *and/or* Trade Secrets." *Id.*; Stoker Decl. ¶ 10.  Plaintiffs have never disputed that this case involves precisely that type of sensitive information, nor do they dispute that this model order is routinely approved for use in non-patent putative class actions.  Dkt. 87 at 4; *see*, *e.g.*, *Moore v. Trader Joe's Co.*, 2019 WL 914129, at *2–3 (N.D. Cal. Feb. 25, 2019) (class action alleging false advertising); *Corley v. Google, Inc.*, 2016 WL 3421402, at *3–4 (N.D. Cal. June 22, 2016) (class action alleging privacy claims).  Despite HP's readiness to use the Court's "presumptively reasonable" model order for nearly six months, *see Dynetix Design Sols., Inc. v. Synopsys, Inc.*, 2012 WL 1232105, at *2 & n.14 (N.D. Cal. Apr. 12, 2012), attempts to resolve this and many of Plaintiffs' other objections have consumed enormous amounts of time and resulted in months of delay, *see* Dkt. 87 at 3–5.

HP has also expended hundreds of hours investigating the printers at issue in the Second Amended Complaint, much of which relies on a copycat claim based on obsolete technology at issue in a case filed 16 years ago.  *See Rich v. Hewlett-Packard Co.*, No. C-06-03361-JF (N.D. Cal.); Dkt. 87 at 5; Stoker Decl. ¶¶ 5–6.  Plaintiffs acknowledge this, including in the parties' January 7, 2022 stipulation, drafted by Plaintiffs, which states that additional time to complete discovery is "necessary and justified given the technological aspects of this case, which have required extensive and ongoing discussions regarding . . . the search, review, and production of documents."  Dkt. 85 at 2.  HP also responded to Plaintiffs' RFPs in August 2021, inviting Plaintiffs to meet and confer on these issues, but once again did not hear back until November 2021.  Dkt. 87 at 5; Stoker Decl. ¶ 5.  With development of the relevant printer list ongoing, HP nonetheless has begun producing thousands of pages of documents in January 2022.  Dkt. 87 at 5; Stoker Decl. ¶ 6.  Plaintiffs, meanwhile, have produced no new documents since their initial production of 39 documents in September 2021, and they refuse to identify basic information about the printers and ink cartridges they allegedly purchased, which hinders HP's document collection efforts and will likely result in more discovery disputes. Stoker Decl. ¶¶ 7–8.  HP is prepared to discuss these issues and craft an appropriate path forward with Judge Beeler, pursuant to the Court's order.

Gibson, Dunn & Crutcher LLP

* * *

In sum, HP does not oppose Plaintiffs' Motion to extend case deadlines by 10 weeks, provided that the extension applies equitably to all parties.

Dated: January 31, 2022                                          GIBSON, DUNN & CRUTCHER LLP


                                                                 By: */s/ Samuel Liversidge*
                                                                     Samuel Liversidge

                                                                 *Attorney for Defendant HP, Inc.*


## ECF ATTESTATION

I hereby attest that I am the ECF user whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I attest that the signatories identified in this filing have concurred in the filing's content and have authorized the filing.


Dated: January 31, 2022                                          GIBSON, DUNN & CRUTCHER LLP


                                                                 By: */s/ Samuel Liversidge*
                                                                     Samuel Liversidge