1  SAMUEL LIVERSIDGE, SBN 180578
     sliversidge@gibsondunn.com
2  LAUREN M. BLAS, SBN 296823
     lblas@gibsondunn.com
3  BRANDON STOKER, SBN 277325
     bstoker@gibsondunn.com
4  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
5  Los Angeles, CA  90071-3197
   Telephone: 213.229.7000
6  Facsimile:  213.229.7520

7  Attorneys for Defendant HP INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CEPELAK, JUDY CHAMBERS, JIM DICKINSON, and MARCIA NUPP, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>HP INC.,<br><br>    Defendant. | CASE NO. 3:20-cv-02450-VC<br><br>**DECLARATION OF BRANDON STOKER IN SUPPORT OF DEFENDANT HP INC.'S RESPONSE TO PLAINTIFFS' MOTION TO EXTEND DEADLINES AND BRIEFING SCHEDULE** |

Gibson, Dunn & Crutcher LLP

DECLARATION OF BRANDON STOKER IN SUPPORT OF DEFENDANT HP INC.'S RESPONSE TO
PLAINTIFFS' MOTION TO EXTEND DEADLINES AND BRIEFING SCHEDULE
CASE NO. 3:20-cv-02450

I, Brandon Stoker, declare as follows:

1. I am an attorney at Gibson, Dunn & Crutcher LLP, counsel for Defendant HP Inc. in this action. I am a member in good standing of the State Bar of California (SBN 277325). I am personally familiar with the matters set forth herein and, if called to testify, I could and would competently testify thereto.

2. I submit this declaration in support of HP's Response to Plaintiffs' Motion to Extend Deadlines and Briefing Schedule.

3. Attached hereto as **Exhibit A** is a true and correct copy of an email from Joshua Nassir to me, dated January 20, 2022, which includes a chain of emails between me and Mr. Nassir dating back to January 17, 2022.

4. On July 29, 2021, Plaintiffs served their first sets of Requests for Production ("RFPs") and Interrogatories.

5. On August 30, 2021, Defendant responded to both sets of Plaintiffs' written discovery requests, and invited Plaintiffs to meet and confer on the scope of their RFPs. Plaintiffs did not respond until November 9, 2021, and only after HP repeatedly raised the issue. Since this conversation, Defendant has expended hundreds of hours investigating the printers at issue in this case based on vague and imprecise terminology in Plaintiffs' Second Amended Complaint. This investigation revealed that no printers engaged in a process that Plaintiffs call "underprinting"—a copycat claim based on obsolete technology at issue in a case filed 16 years ago. *See Rich v. Hewlett-Packard Co.*, No. C-06-03361-JF (N.D. Cal.). Defendant undertook a separate investigation into other printers that may be relevant, and disclosed a list of potentially relevant devices on December 10 and 17, 2021.

6. The development of the relevant printer list is ongoing, and Defendant continues to produce documents, including a production of 4,218 pages on January 20, 2022. Every document in this production was requested by Plaintiffs' RFPs.

7. On September 29, 2021, Plaintiffs made an initial production of 39 documents.

8. Plaintiffs have produced no new documents since September 2021, and have refused to respond to many of Defendant's written discovery requests, including requests that Plaintiffs identify

2
DECLARATION OF BRANDON STOKER IN SUPPORT OF DEFENDANT HP INC.'S RESPONSE TO PLAINTIFFS' MOTION TO EXTEND DEADLINES AND BRIEFING SCHEDULE
CASE NO. 3:20-cv-02450

Gibson, Dunn & Crutcher LLP

basic information about the printers and ink cartridges they allegedly purchased. This information is necessary for HP to respond to many of Plaintiffs' RFPs.

9. On August 31, 2021, Defendant proposed the Northern District's "Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets" (the "Model Order") for use in this case.

10. On November 2, 2021, two months after Defendant suggested the adoption of the Model Order, Plaintiffs responded with objections such as striking the use of "Highly Confidential" designations, striking protections relating to experts' use of confidential information, and adding onerous requirements regarding identification and preservation of ostensibly irrelevant source code. Plaintiffs also objected, and continue to object, to the Model Order because it is purportedly intended only for "patent" cases.

11. Defendant has been willing to adopt the Model Order since August 2021, and has repeatedly proposed that the parties execute and file that order, with or without amendments designed to address Plaintiffs' objections. Plaintiffs have refused to adopt the Model Order, with or without modifications, ever since.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 31st day of January, 2022, in Los Angeles, California.

By: */s/ Brandon Stoker*
Brandon Stoker

*Attorney for Defendant HP, Inc.*

# Exhibit A

# Stoker, Brandon J.

| | |
|---|---|
| **From:** | Joshua Nassir <jnassir@faruqilaw.com> |
| **Sent:** | Thursday, January 20, 2022 7:51 PM |
| **To:** | Stoker, Brandon J.; Liversidge, Samuel; McKenna, Madeleine; Luskin, Roark |
| **Cc:** | Benjamin Heikali; Timothy J. Peter; Ruhandy Glezakos; Bonner C. Walsh |
| **Subject:** | RE: Cepelak v. HP - Discovery Dispute |

**[WARNING: External Email]**

Brandon,

We cannot agree to your former proposal. HP stated that it would substantially complete its document production by January 28. Now, HP claims it is an impossibility. Even assuming HP substantially completes its document production by April 18, which is doubtful given HP's prior promises which it now claims it cannot keep, this would not leave time for Plaintiffs to resolve disputes that will likely arise during the discovery process. Given that Plaintiffs cannot rely on HP meeting its discovery obligations, Plaintiffs have no choice but to move to compel absent HP standing by its initial statement that it would substantially complete its document production by January 28.

For these reasons, please provide HP's statement for the discovery dispute letter so that we can get it on file tomorrow. Lastly, given that HP refuses to jointly stipulate to an extension, we will move unilaterally to extend the deadlines.

-Josh

---

**From:** Stoker, Brandon J. <BStoker@gibsondunn.com>
**Sent:** Thursday, January 20, 2022 4:20 PM
**To:** Joshua Nassir <jnassir@faruqilaw.com>; Liversidge, Samuel <SLiversidge@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Luskin, Roark <RLuskin@gibsondunn.com>
**Cc:** Benjamin Heikali <bheikali@faruqilaw.com>; Timothy J. Peter <tpeter@faruqilaw.com>; Ruhandy Glezakos <rglezakos@faruqilaw.com>; Bonner C. Walsh <bonner@walshpllc.com>
**Subject:** RE: Cepelak v. HP - Discovery Dispute

**CAUTION:** This Message originated from outside of the firm. Do not click on a link, open or enable any file unless you trust the sender.

---

Josh,

Are plaintiffs proposing a stipulation to extend <u>all</u> discovery deadlines by 10 weeks/75 days, including production deadlines, or do plaintiffs intend to move ahead with their demand that HP produce all responsive documents (subject the objections and limitations discussed during our meet-and-confer exchanges) by next week?

If the former, HP would agree to a stipulated extension of all discovery deadlines with a new fact discovery cut-off of Monday, May 16, and a substantial completion target for document productions four weeks before the cut-off on Monday, April 18. We would propose a detailed stipulation outlining the significant efforts that have gone into discovery exchanges and other issues over the past several months to give the court comfort that the parties have been diligently moving the case forward at a reasonable pace.

If the latter, HP's position is that a production deadline of one week from tomorrow is both unreasonable and a practical impossibility.  HP would not agree to a one-sided stipulation that radically compresses the bulk of HP's discovery work and yet grants plaintiffs months of additional time to complete their own discovery.  If plaintiffs press ahead with their request to impose a production deadline of January 28, HP will propose an alternative schedule to the court that (1) holds plaintiffs to their waiver of an expert, the disclosure of which was due weeks ago under the current schedule; (2) and hold plaintiffs to the existing fact discovery deadlines or to extended deadlines commensurate with those granted to HP.

Please let us know how you would like to proceed.

Best,
Brandon


**Brandon J. Stoker**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7574 • Fax +1 213.229.6574
BStoker@gibsondunn.com • www.gibsondunn.com

---

**From:** Joshua Nassir <jnassir@faruqilaw.com>
**Sent:** Thursday, January 20, 2022 1:14 PM
**To:** Stoker, Brandon J. <BStoker@gibsondunn.com>; Liversidge, Samuel <SLiversidge@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Luskin, Roark <RLuskin@gibsondunn.com>
**Cc:** Benjamin Heikali <bheikali@faruqilaw.com>; Timothy J. Peter <tpeter@faruqilaw.com>; Ruhandy Glezakos <rglezakos@faruqilaw.com>; Bonner C. Walsh <bonner@walshpllc.com>
**Subject:** RE: Cepelak v. HP - Discovery Dispute

**[WARNING: External Email]**

Brandon,

As to the revised stipulation on the extension, we believe it is best to choose the mid-point between the 60 to 90 days you suggested. I will prepare a joint stipulation seeking a 10-week extension. Please let me know today whether this works for you.

Best,
Josh

**From:** Joshua Nassir
**Sent:** Thursday, January 20, 2022 10:21 AM
**To:** 'Stoker, Brandon J.' <BStoker@gibsondunn.com>; 'Liversidge, Samuel' <SLiversidge@gibsondunn.com>; 'McKenna, Madeleine' <MMcKenna@gibsondunn.com>; 'Luskin, Roark' <RLuskin@gibsondunn.com>
**Cc:** Benjamin Heikali <bheikali@faruqilaw.com>; Timothy J. Peter <tpeter@faruqilaw.com>; Ruhandy Glezakos <rglezakos@faruqilaw.com>; 'Bonner C. Walsh' <bonner@walshpllc.com>
**Subject:** RE: Cepelak v. HP - Discovery Dispute

Brandon,

We intend on getting this dispute on file by tomorrow latest. Has HP prepared its statement?

-Josh

**From:** Joshua Nassir
**Sent:** Tuesday, January 18, 2022 12:14 PM
**To:** Stoker, Brandon J. <BStoker@gibsondunn.com>; Liversidge, Samuel <SLiversidge@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Luskin, Roark <RLuskin@gibsondunn.com>
**Cc:** Benjamin Heikali <bheikali@faruqilaw.com>; Timothy J. Peter <tpeter@faruqilaw.com>; Ruhandy Glezakos <rglezakos@faruqilaw.com>; Bonner C. Walsh <bonner@walshpllc.com>
**Subject:** RE: Cepelak v. HP - Discovery Dispute

Brandon,

As we have stated previously, this is not a patent case. If you recall, we initially recommended using the model protective order for non-patent cases, but HP insisted that the Parties use the model order for patent cases. We believe this is inappropriate and unnecessary for the reasons we've discussed in our numerous meet and confers, but in an effort to accommodate HP's concerns, we tried to reach a mutually agreeable resolution on the source code language in the current draft protective order. Even if we agree to the Protective Order, we do not believe this obviates the need for moving forward with the discovery dispute process. With the current timeline, we cannot afford to wait until the Court agrees to a modified case schedule, especially given the risk that the Court will deny the stipulation. Further, even if the Court accepted the stipulation, we do not believe extending the schedule by 60 or 90 days would rectify this situation. Given HP's January 7th statement that it will only produce user manuals in the next production, Plaintiffs are doubtful that HP will voluntarily complete its document production within this timeline. For these reasons, unless HP agrees to produce *all* responsive documents by January 31, we will move forward with the process. Further, while you characterize this as a sudden request demanding the entire search, review, and production of documents to be completed in two weeks, HP has had Plaintiffs' requests since July 2021. The burden to secure the protective order lies with HP and they should have started this process long ago.

Please let us know if HP agrees to produce all responsive documents to Plaintiffs' RFPs by January 31. If not, please provide us with HP's statement for the dispute process.

Lastly, as to your updated protective order, we are surprised that the proposed copy of the source code HP intends to reserve is so recent. What is the earliest date HP is able to preserve a copy of the source code?

Best,
Josh

**From:** Stoker, Brandon J. <BStoker@gibsondunn.com>
**Sent:** Tuesday, January 18, 2022 10:43 AM
**To:** Joshua Nassir <jnassir@faruqilaw.com>; Liversidge, Samuel <SLiversidge@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Luskin, Roark <RLuskin@gibsondunn.com>
**Cc:** Benjamin Heikali <bheikali@faruqilaw.com>; Timothy J. Peter <tpeter@faruqilaw.com>; Ruhandy Glezakos <rglezakos@faruqilaw.com>; Bonner C. Walsh <bonner@walshpllc.com>
**Subject:** RE: Cepelak v. HP - Discovery Dispute

**CAUTION: This Message originated from outside of the firm. Do not click on a link, open or enable any file unless you trust the sender.**

Josh,

As you will recall, HP proposed the Northern District's model protective order for use in this case on August 30, 2021. The model order was unanimously approved by every judge in the district, is presumptively valid, and HP was prepared to immediately adopt that order. Plaintiffs proposed edits two months later, on November 2, 2021, with extensive revisions to the model language eliminating things like confidentiality designations that routinely withstand challenges in court. And although Plaintiffs cannot articulate why they think source code would be relevant in this case, much less what *type* of source code might become the subject of discovery, Plaintiffs proposed an extraordinarily burdensome requirement that HP track down every conceivable type of source code related to a not-yet-defined class of printers, make multiple copies, and provide a copy in advance of any discovery request related to source code to Plaintiffs' counsel. The parties engaged in extensive meet-and-confer discussions on these issues and HP attempted to accommodate Plaintiffs' concerns in good faith, including by undertaking a review of the repositories of potentially relevant source code and circulating an updated litigation hold. The parties also agreed in meet-and-confer discussions that discovery in this case would be limited to a list of relevant printers. HP engaged in extensive discussions with engineers and other staff to determine what printers may be at issues based on the allegations in Plaintiffs' complaint—a process that was not completed, as your draft letter to the court notes, until mid-December 2021.

HP is prepared to move forward with document productions on a modified timeline, which the court is open to considering with appropriate justification by the parties. We believe a revised stipulation documenting the parties' significant efforts to move this case forward over the past several months would prove fruitful. Your demand that document production be completed in the next two weeks is not reasonable, and if you proceed to compel production before Judge Chhabria, we would be happy to explain to the court that HP has been willing to use the model order for at least five months, but has been stymied by Plaintiffs' efforts to significantly revise that order in a way that would compromise HP's ability to protect its sensitive and confidential business information. As we previously noted in meet-and-confer discussions, the Northern District has not looked favorably upon those types of challenges to the model language.

Please let us know if Plaintiffs are amenable to submitting a revised stipulation seeking a shorter extension of 60 or 90 days. If Plaintiffs instead wish to proceed with the current schedule and submit a Discovery Dispute Letter to Judge Chhabria, HP will provide a response this week and will assume that Plaintiffs are not designating a class certification expert since that deadline passed several weeks ago.

In an effort to move things along, I have also attached an updated draft of the protective order, which HP is ready to sign. We updated the date on which HP is prepared to certify that source code has been preserved, as reflected in redline. Please let us know if Plaintiffs are ready to execute the order so we can proceed with document productions.

Best,
Brandon


**Brandon J. Stoker**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7574 • Fax +1 213.229.6574
BStoker@gibsondunn.com • www.gibsondunn.com

---

**From:** Joshua Nassir <jnassir@faruqilaw.com>
**Sent:** Monday, January 17, 2022 1:57 PM
**To:** Stoker, Brandon J. <BStoker@gibsondunn.com>; Liversidge, Samuel <SLiversidge@gibsondunn.com>; McKenna,

Madeleine <MMcKenna@gibsondunn.com>; Luskin, Roark <RLuskin@gibsondunn.com>
**Cc:** Benjamin Heikali <bheikali@faruqilaw.com>; Timothy J. Peter <tpeter@faruqilaw.com>; Ruhandy Glezakos <rglezakos@faruqilaw.com>; Bonner C. Walsh <bonner@walshpllc.com>
**Subject:** Cepelak v. HP - Discovery Dispute

**[WARNING: External Email]**

Brandon,

As I am sure you will agree, Plaintiffs have attempted to accommodate HP's concerns regarding a protective order in good-faith for quite some time now. We also have attempted to be understanding with HP's delays in its document production. While we initially believed that the Court would grant an extension, last week's Order requires Plaintiffs to move expeditiously to protect the interests of the putative classes. For that reason, we demand that HP agree to produce all responsive documents by January 31, regardless of any protective order. If HP disagrees, attached please find a Discovery Dispute Letter pursuant to Judge Chhabria's Standing Order demanding the same request. Please fill out your position and we will get the letter on file this week.

Best,

Josh



Joshua Nassir ■ Associate ■ Faruqi & Faruqi, LLP ■ 10866 Wilshire Blvd., Ste 1470 ■ Los Angeles, CA 90024 ■ (T) 424-256-2884 ■ (F) 424-256-2885 ■ www.faruqilaw.com

This message originates from the law firm of Faruqi & Faruqi, LLP. This email message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this message or its attachments is strictly prohibited. All personal messages express solely the sender's view and not those of Faruqi & Faruqi, LLP. This message may not be copied or distributed without this disclaimer. If you received this message in error, please reply to the sender above immediately and permanently delete this message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.