UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOHN CEPELAK, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>HP INC.,<br><br>        Defendant. | Case No. 20-cv-02450-VC (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 95 |

The parties dispute the timing of and process for expert disclosures and the scope of HP's document production that the court ordered on February 3.[1] The court can decide the dispute without oral argument. N.D. Cal. Civ. L. R. 7-1(b).

The issue about expert disclosures has two parts: (1) the court previously set a deadline of March 31, 2022, for HP's production, the plaintiff's deadline to designate its class-certification expert is March 21, 2022, and the plaintiff does not want to identify its expert until it has the documents; and (2) the plaintiffs want to suspend the model protective order's requirement that they seek HP's permission before disclosing documents designated "Highly Confidential" to their expert because they are concerned that HP will object, and it will be too late to identify a new

---

[1] Discov. Letter Br. – ECF No. 95; Order – ECF No. 93. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 20-cv-02450-VC (LB)

expert.[2] The fear about objections is premature (as HP points out). Also, HP said that it would stipulate to an extension of the deadline if there is an issue. For these reasons, the court will not delete the challenged provision of the model protective order. That said, it is not unreasonable for the plaintiffs to ask for an extension of time now to allow it to consider the document production before identifying its expert. HP again said that it would confer on an adjustment. The court directs the parties to do so and to submit a stipulation to the trial judge. (The court generally does not think that the scope of referrals contemplates important case deadlines such as identification of the class-certification expert.) The court does think that the ten days between identifying the expert and finalizing document production is minor, and identifying the expert actually illuminates problems and facilitates problem-solving. But the court does not second-guess the plaintiffs' reasons and thus orders this process. The court also directs HP to make rolling disclosures if it is possible.

Second, the court adopts HP's proposed compromise about the scope of the production.[3]

**IT IS SO ORDERED.**

Dated: February 26, 2022

LAUREL BEELER
United States Magistrate Judge

---

[2] Discov. Letter Br. – ECF No. 95 at 1–3.

[3] *Id.* at 5.