UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CEPELAK, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>HP INC.,<br><br>        Defendant. | Case No. 20-cv-02450-VC<br><br>**ORDER DENYING CLASS CERTIFICATION**<br><br>Re: Dkt. No. 106 |

      The plaintiffs seek certification of eight classes across four states. For each state, they first define a Rule 23(b)(3) damages classes of all buyers of any HP printer, on the theory that all HP printers use color ink when printing what seem to be black and white or grayscale documents. (The plaintiffs also ask for these classes to be certified for injunctive relief under Rule 23(b)(2) and alternatively request certification of issue classes under Rule 23(c)(4), with damages to be figured out later.) Second, the plaintiffs define injunctive relief classes of all buyers of 28 models of HP printers that stop all printing when any ink cartridge is empty. The plaintiffs term the first set of classes the "underprinting" classes and the latter set the "print-to-stop" classes, though neither label has much connection to the conduct they complain of. This order addresses only some of the glaring problems with these proposed classes.

      A class action must present at least one common question of law or fact. Fed. R. Civ. Pro. 23(a)(2). A common question must be "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The plaintiffs' briefing and their expert report demonstrate that the underprinting classes do not

present such a common question. There is a dizzying array of printers, settings, and software in play, and the behavior of any given configuration may vary based on the document being printed. The plaintiffs insist that the legal and factual questions are nonetheless common. Dkt. No. 114 at 13. But the classwide answers to these questions must be, at best, *it depends.* While a class definition need not be perfectly drawn, plaintiffs cannot simply draw an all-encompassing class and say that somewhere within it lie meritorious claims. Even a showing that every HP printer has some different combination of inputs that can result in the use of color ink is not enough for class certification, because the legal questions of materiality, duty to disclose, reliance, and damages would likely still vary for different subsets of the class.

      The same goes for the plaintiffs' purported common factual questions. *Id.* The plaintiffs consolidate a variety of printer behaviors under the term "underprinting," and then pose the supposedly common questions of whether the printers underprint, whether HP was aware of and concealed that fact, and whether the class members suffered damages. *Id.* But since "underprinting" is an umbrella term, not a single behavior, none of those questions are amenable to classwide resolution. None of the underprinting classes can be certified, then: not the (b)(3) damages classes, not the (b)(2) injunctive relief classes, and not the (c)(4) issue classes.[1]

      Three of the four print-to-stop classes cannot be certified because the named plaintiffs never owned a print-to-stop printer. Dkt. No. 114 at 25–26. Since those named plaintiffs are not members of the classes at all, they are not typical members of those classes, and the New York, Arizona, and Arkansas print-to-stop classes cannot be certified. The Court declines the plaintiffs' invitation to conditionally certify the classes and swap in appropriate plaintiffs later.

      The fourth named plaintiff, John Cepelak of California, did own a print-to-stop printer. But he suggested in his deposition that he liked the print-to-stop feature. He said he would not

---

[1] The Court is also skeptical that there could be any classwide damages model in this case. The plaintiffs' model makes no attempt to measure damages for the whole class, making it impossible to give to a jury were this case to go to trial. And it relies entirely on each class member's recollection and assertion of how often they thought their print jobs should have used color ink, which is of little evidentiary value and may even be a due process violation in the class action context.

want a printer that was low on ink to keep printing if it would result in streaky text. Dkt. No. 112-2 at 19–20. He also stated that he preferred not to use the black-ink-only mode on his printer since the output was "wishy-washy" compared to the setting that used some color ink. *Id.* at 42. If Cepelak does not want a printer to keep printing when low on ink, and he does not ever want to use only black ink (because either option would be of lower quality), then he does not seem to have suffered any injury from the print-to-stop behavior. These preferences make him an atypical class representative for this class, and certification must be denied.[2]

A further case management conference is scheduled for November 30. In their joint case management statement, the parties should make sure to address two questions. First, should the denial of class certification be with prejudice? Second, if not, should the plaintiffs be given leave to substitute new named plaintiffs? At first glance, it seems unfairly prejudicial to HP to give the plaintiffs another crack at class certification, given how badly they have overreached in so many regards thus far, and how much time and expense they have already put HP through as a result.

**IT IS SO ORDERED.**

Dated: October 20, 2022

VINCE CHHABRIA
United States District Judge

---

[2] As discussed in the papers, it also appears Cepelak would have problems proving reliance based on the circumstances of the printer purchase, such that he may not be an adequate representative in that regard either. Furthermore, Cepelak's printer's manual says it "is not designed to print using only the black cartridge when the color cartridges are out of ink." Dkt. No. 112-15 at 20.