| | |
|---|---|
| SAMUEL LIVERSIDGE, SBN 180578<br>sliversidge@gibsondunn.com<br>LAUREN M. BLAS, SBN 296823<br>lblas@gibsondunn.com<br>BRANDON STOKER, SBN 277325<br>bstoker@gibsondunn.com<br>JILLIAN N. LONDON, SBN 319924<br>jlondon@gibsondunn.com<br>MADELEINE MCKENNA, SBN 316088<br>mmckenna@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>*Attorneys for Defendant HP INC.* | LISA T. OMOTO (SBN 303830)<br>*lomoto@faruqilaw.com*<br>**FARUQI & FARUQI, LLP**<br>1901 Avenue of the Stars, Suite 1060<br>Los Angeles, California 90067<br>Telephone: (424) 256-2884<br>Facsimile: (424) 256-2885<br><br>BONNER C. WALSH (*pro hac vice*)<br>**WALSH P.L.L.C.**<br>1561 Long Haul Road<br>Grangeville, ID 83530<br>Telephone: (541) 359-2827<br>Facsimile: (866) 503-8206<br><br>*Attorneys for Plaintiffs* |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CEPELAK, JUDY CHAMBERS, JIM DICKINSON and MARCIA NUPP, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HP INC.,<br><br>Defendant. | Case No.: 3:20-cv-02450-VC<br><br>**JOINT STIPULATION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P 41(a)(1)(A)(ii)** |

JOINT STIPULATION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT
TO FED. R. CIV. P. 41(a)(1)(A)(ii)
CASE NO. 3:20-CV-02450-VC

1  Plaintiffs John Cepelak, Judy Chambers, Jim Dickinson, and Marcia Nupp ("Plaintiffs") and
2  Defendant HP Inc. ("Defendant") (collectively, the "Parties") hereby stipulate and agree as follows:
3  WHEREAS, on April 10, 2020, the now-deceased Plaintiff Christina Rose filed the initial
4  Class Action Complaint against Defendant in the United States District Court for the Northern District
5  of California. (ECF No. 1);
6  WHEREAS, on July 13, 2020, Christina Rose filed the amended First Amended Class Action
7  Complaint, adding an alleged violation of the Song-Beverly Consumer Warranty Act, Cal Civ. Code
8  § 17900, as a cause of action. (ECF No. 34);
9  WHEREAS, on December 29, 2020, the Court issued an Order Granting in Part and Denying
10 in Part Motion to Dismiss. (ECF No. 46);
11 WHEREAS, on February 3, 2021, the Court issued a Case Schedule As Modified, setting June
12 18, 2021 as the Last Day to Amend Pleadings and setting the Close of Non Expert Fact Discovery for
13 October 29, 2021. (ECF No. 56 at 1);
14 WHEREAS, on February 26, 2021, Plaintiff filed the Notice of Plaintiff Christina Rose's
15 Death, informing Defendant and the Court that Christina Rose, the named Plaintiff in this action, has
16 died, and that Plaintiff's counsel would move for substitution pursuant to Fed. R. Civ. P. Rule 25(a)(1)
17 (ECF No. 57);
18 WHEREAS, on June 18, 2021, the Parties jointly stipulated to permit the amendment of the
19 First Amended Class Action Complaint with the currently operative Second Amended Complaint and
20 further requested a schedule for responsive pleadings thereafter. (ECF No. 65);
21 WHEREAS, on July 8, 2021, this Court granted the June 18 joint stipulation, permitting the
22 filing of the Second Amended Complaint and adopting the schedule stipulated by the parties with
23 modification. (ECF No. 67);
24 WHEREAS, on July 12, 2021, Plaintiffs filed the operative Second Amended Complaint,
25 which added three other individuals as proposed class representatives for three new state subclasses
26 and their respective state law claims. (ECF No. 69 to 69-1);

1

JOINT STIPULATION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT
TO FED. R. CIV. P. 41(a)(1)(A)(ii)
CASE NO. 3:20-CV-02450-VC

1  WHERAS, on July 19, 2021, Defendant filed its Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint. (ECF No. 70);

3  WHEREAS, on November 15, 2021, this Court issued its Order Denying In Part and Granting In Part Motion To Dismiss Second Amended Complaint. (ECF No. 79);

5  WHEREAS, on January 5, 2022, Defendant filed its Answer to the Second Amended Complaint (ECF No. 84);

7  WHEREAS, on June 29, 2022, Plaintiffs filed their Motion for Class Certification (ECF No. 106);

9  WHEREAS, on August 12, 2022, Defendant filed its Opposition to Plaintiffs' Motion for Class Certification (ECF No. 112);

11  WHEREAS, on September 9, 2022, Plaintiffs filed their Reply to Defendant's Opposition to Plaintiffs' Motion for Class Certification (ECF No. 114);

13  WHEREAS, on September 23, 2022, Defendant filed its Sur-Reply in Opposition to Plaintiffs' Motion for Class Certification (ECF No. 117);

15  WHEREAS, on October 6, 2022, the Court held a hearing on Plaintiffs' Motion for Class Certification, and on October 20, 2022, the Court entered an Order Denying Class Certification, setting November 23, 2022 as the deadline for the Parties to file a Case Management Statement and scheduling a Case Management Conference for November 30, 2022 (ECF No. 123);

19  WHEREAS, on November 23, 2022, the Parties filed a Joint Case Management Statement (ECF No. 130);

21  WHEREAS, on November 30, 2022, the Parties appeared in Court for a case management conference, during which the Court determined that it did not believe it would be appropriate for Plaintiffs to file a renewed motion for class certification, directed the case to proceed to summary judgment and trial, and set January 31, 2023, as the deadline for Defendant to file its Motion for Summary Judgment (ECF No. 132);

2

JOINT STIPULATION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT
TO FED. R. CIV. P. 41(a)(1)(A)(ii)
CASE NO. 3:20-CV-02450-VC

1  WHEREAS, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiffs may
2  dismiss this Action without a court order by filing "a stipulation of dismissal signed by all parties
3  who have appeared."
4  WHEREAS, following careful consideration, Plaintiffs have elected to voluntarily dismiss
5  this Action without prejudice.  Counsel for the Parties have met and conferred regarding this Action
6  and agree that all Parties will bear their own costs and fees upon Plaintiffs' voluntary dismissal of
7  this Action without prejudice.  No payment has been made, nor will one be made, to Plaintiffs or their
8  attorneys for dismissal;
9  WHEREAS, notice of the voluntary dismissal is not required in this instance because: (i) no
10 payment has been made to any party or their counsel in connection with the voluntary dismissal; (ii)
11 no class has been certified; (iii) the voluntary dismissal is made without prejudice and therefore will
12 not have any preclusive effect on any other action; (iv) Defendant will not suffer any prejudice as it
13 has indicated it does not oppose this voluntary dismissal; and (v) there is no trace of collusion or any
14 other improper motivation underlying this voluntary dismissal.
15 NOW, THEREFORE, the Parties, by and through their respective undersigned counsel,
16 hereby stipulate to the dismissal of this Action without prejudice, with all parties to bear their own
17 costs and fees.
18 Pursuant to Civil Local Rule 5-1(h)(3), the filer of this document attests that all signatories
19 have concurred in its filing.

3

JOINT STIPULATION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT
TO FED. R. CIV. P. 41(a)(1)(A)(ii)
CASE NO. 3:20-CV-02450-VC

| | |
|---|---|
| Dated: December 21, 2022 | **Faruqi & Faruqi, LLP** |
| | By: */s/ Lisa T. Omoto* |
| |     Lisa T. Omoto |
| |     Attorney for Plaintiffs |
| | |
| | **Gibson, Dunn & Crutcher LLP** |
| | By: */s/ Lauren M. Blas* |
| |     Lauren M. Blas |
| |     Attorney for Defendant |

4

JOINT STIPULATION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii)
CASE NO. 3:20-CV-02450-VC